**MEMORANDUM ENDORSEMENT**

<u>CrossBorder Solutions Inc. et al v. Hoy et al</u>
20-cv-4877 (NSR)

The Court is in receipt of the Individual Defendants' letter motion, (ECF No. 44), attached, requesting leave to serve expedited discovery, dated July 23, 2020.  The Court is also in receipt of Plaintiffs' response, dated July 24, 2020 (ECF No. 45), and the Individual Defendants' reply (ECF No. 47).

The Individual Defendants' application is denied without prejudice, on the basis that the discovery requests are too general and lack sufficient specificity.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) ("Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request") (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y.2005)); *see also Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (requiring party seeking expedited discovery to show: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.").

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 44.

Dated:  July 24, 2020
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/2020



WENDY R. STEIN
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2043 Fax: (212) 554-9645
wstein@gibbonslaw.com

July 23, 2020

**VIA ECF**

The Honorable Nelson S. Roman, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> Re: ***CrossBorder Solutions Inc. v. Hoy et al.,***
> **Civ. No. 7:20-cv-04877(NSR)**
> **Request To Serve Expedited Discovery Requests on Plaintiffs**

Dear Judge Roman,

We represent Liga Hoy, Jiaxin Song, and Lijun Tian (collectively, "Individual Defendants") in the above-referenced action. We write to seek leave to serve five (5) interrogatories in the form attached as Exhibit A, ten document requests and four deposition notices on the Plaintiffs in advance of the preliminary injunction hearing scheduled for August 7, 2020.

Expedited discovery is not just for plaintiffs, but available to Defendants as well. *See New York v. Griepp*, No. 17-CV-3706(CBA)(JO), 2017 U.S. Dist. LEXIS 113505, at *3 (E.D.N.Y. July 20, 2017). Further, expedited discovery is merited when limited to that needed to provide a full record for a preliminary injunction hearing. *See United States v. Smith,* No. 18-cv 3920 (RRM) (AKT), 2019 U.S. Dist. LEXIS 174843, at *45-46 (E.D.N.Y. Sept. 30, 2019) (expedited discovery found "reasonable and appropriate in conjunction with . . . application for a preliminary injunction"); *3M Co. v. HSBC Bank USA, N.A.*, No. 16 Civ. 5984 (PGG), 2016 U.S. Dist. LEXIS 189249, at *5-6 (S.D.N.Y. Oct. 21, 2016) (limited expedited discovery in advance of a preliminary injunction hearing); *Std. Inv., Inc. v. NASD*, No. 07 Civ. 2014(SWK), 2007 U.S. Dist. LEXIS 27342, at *3 (S.D.N.Y. April 11, 2007) (expedited document discovery in aid of Plaintiff's motion for a preliminary injunction); *see also* FED. R. CIV. P. 26 advisory committee's note (1993) (noting propriety of expedited discovery in connection with "requests for a preliminary injunction").

As Plaintiffs were permitted to serve four deposition notices and ten (10) document requests on each Individual Defendant, Individual Defendants respectfully request the right to serve five interrogatories, ten document requests and take up to four depositions in advance of the August 7 hearing.

Respectfully Submitted,

*Wendy R. Stein*

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROSSBORDER SOLUTIONS, INC. and CROSS BORDER TRANSACTIONS, LLC d/b/a CROSSBORDER SOLUTIONS, | :    Civil No. 20-cv-04877(NSR) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LIGA HOY, JIAXIN "CLAIRE" SONG, LIJUN "MAGGIE" TIAN, and MACIAS, GINI & O'CONNELL LLP, | : |
| | : |
| Defendants. | : |

## INDIVIDUAL DFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 1-5)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Individual Defendants Liga Hoy, Jiaxin "Claire" Song and Lijun "Maggie" Tian ("Individual Defendants") hereby request that Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions ("Plaintiffs") answer the following interrogatories in accordance with the Definitions and Instructions below, by July 29, 2020 to the attorneys of record at Gibbons P.C., One Pennsylvania Plaza, New York, New York 10119.

## DEFINITIONS

1.     "Communication" means any oral or written utterance, notation, depiction, or statement of any nature whatsoever or any other means of transfer or conveyance of information, including, but not limited to, correspondence, personal conversations, telephone calls, dialogues, discussions, interviews, meetings, consultations, memoranda, e-mails, agreements, and other verbal and non-verbal understandings.

2.      "You" means the Plaintiffs in this action.

3.      "Document" and all forms thereof, mean all written or graphic matter of every kind and description, however produced or reproduced, whether in draft or final form, original or reproduction (including writings, drawings, graphs, charts, photographs, phonograph records, and other data compilations from which information can be obtained and translated). It includes but is not limited to letters; electronically stored information (ESI); emails; correspondence; memoranda; notes; transcripts; contracts; agreements; licenses; applications; memoranda of telephone conversations or personal conversations; minutes of meetings; interoffice communications; reports; financial statements; ledgers; books of account; proposals; prospectuses; offers; orders; receipts; working papers; desk calendars; appointment books; diaries; time sheets; logs; recordings or materials similar to any of the foregoing; however denominated; and including writing; drawings; graphs; photographs; charts; invoices; diaries; meetings; reports of telephone conversations; video and audio recordings; microfilm; microfiche; computer discs, including floppy discs and hard drives; CDs; computer printout or tape; data processing results; printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated. The term "Document" also includes all copies of material containing any additional writing, underlining, notes, deletions, other markings or notations, or are otherwise not identical copies of the original whether actually or constructively possessed.

4.      The terms "concerning" and "relating to" mean, in whole or in part, referring to, describing, evidencing, constituting, containing, comprising, embodying, connected to, reflect-ing, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refut-ing,

rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, deal-ing with, or in any way pertaining to, either explicitly or implicitly.

5.      The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders and vice versa.  The past tense includes the present tense and vice versa where the clear meaning is not distorted by change of tense.

6.      "And" and "or" should be interpreted as "and/or," both conjunctively and disjunctively, to ensure the broadest disclosure of information.

7.      "Any," "all," "each" or "every" means any and all, each and every.

8.       "You" or "your" means the recipients of this request and their subsidiaries, divisions, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

9.      "Identify" or "identification," when used in reference to any entity other than a natural person, means to state the full name and location or present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other entity.

10.      "Identify" or "identification," when used in reference to a natural person, means to state the full name, present or last known residential (and if unknown) business address of that person.

## **INSTRUCTIONS**

In responding to these Interrogatories, Respondents shall follow the instructions below:

1.      These Interrogatories shall be deemed to be continuing and it is requested that Plaintiffs serve upon Defendants, by supplementary answers, any information requested herein which is unavailable at the time answers are submitted and which becomes available to any

attorney, agent, representative, principal or employee of Plaintiffs prior to the termination of this litigation.

2.      If you object to any Interrogatory on the ground of privilege, attorney work product, or other asserted justification for non-production, in order that the Court may determine the applicability of the claimed privilege, provide the most detailed description of the document practicable, including date, description, author, recipients, distribution list, all persons to whom the documents has been circulated or whom have reviewed the document since the date of its preparation, and the subject of the document, and state precisely the basis of the asserted privilege.

3.      If you are unable to fully answer any Interrogatory, answer as much of such interrogatory as possible, and state the reason that you are unable to answer the Interrogatory fully.

4.      If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory.  If you object to the scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

5.      Whenever a date, amount or other computation or figure is requested, the exact date, amount, or other computation figure is to be given unless it is not known; and in that case the approximate date, amount, or other computation or figure should be given or the best estimate thereof; and the answer should state that the date, amount, or other computation provided is an estimate or approximation.

6.      Where facts set forth in the answers are supplied upon information and belief rather than that your direct personal knowledge, you should so state, and specifically identify each source of such information and belief.  Should you be unable to answer any Interrogatory or portion thereof by either actual knowledge or upon information and belief, you should so state.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Identify the names of all customers and potential future customers on CrossBorder's customer list referred to in paragraph (3) of the Order to Show Cause filed with the Court at ECF 16.

**INTERROGATORY NO. 2**

Identify the names of all customers and potential future customers on CrossBorder's prospect list referred to in paragraph (3) of the Order to Show Cause filed with the Court at ECF 16.

.

**INTERROGATORY NO. 3**

Identify what activity that You contend is "Competitive Activity" within the meaning of Individual Defendants' employment agreements attached to the Complaint in this action.

**INTERROGATORY NO. 4**

State whether You contend that "Competitive Activity" means the performance of any work in the transfer pricing field, or extends only to the preparation of transfer pricing compliance documentation using AI or other automated software.

**INTERROGATORY NO. 5**

Identify all competitors that prepare transfer pricing compliance documentation using AI or other automated software.

Dated: July 23, 2020                <u>/s/ Wendy R. Stein</u>

      New York, New York

                                        Wendy R. Stein
                                        Paul A. Saso
                                        Christine A. Gaddis
                                        **GIBBONS P.C.**
                                        1 Pennsylvania Plaza, 37th Floor
                                        New York, NY 10119

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, I caused true and correct copies of **INDIVIDUAL**

**DEFENDANTS' FIRST SET OF INTERROGATORIES (Nos. 1-5)** to be served via

electronic mail and ECF upon the following counsel of record for Plaintiffs:

> Kenneth W. Taber
> Pillsbury Winthrop Shaw Pittman LLP
> 31 West 52nd Street
> New York, NY 10119
>
> *Attorneys for Plaintiffs*

<u>s/ Wendy R. Stein</u>



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 24, 2020

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    **CrossBorder Solutions, Inc. v. Hoy, Case No.: 7:20-cv-04877-NSR:
Plaintiffs' Response to the Individual Defendants' Request to
Serve Expedited Discovery Requests on Plaintiffs**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border
Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or
"CrossBorder") in response to the Letter Motion from Defendants Liga Hoy, Jiaxin
"Claire" Song and Lijun "Maggie" Tian (collectively, the "Individual Defendants")
seeking leave to serve five interrogatories, ten document requests and four deposition
notices on Plaintiffs in advance of the 8/7 PI Hearing, Dkt. No. 44 (the "July 23 Letter").

Plaintiffs have no objection to the Individual Defendants conducting reasonable
expedited discovery in advance of the 8/7 PI Hearing — and, if they had asked  us
before writing to the Court (as Plaintiffs asked the Individual Defendants before filing
our own request for expedited discovery),[1] we would have told them that.

However, having neither served their proposed document requests nor identified whom
they want to depose, neither Plaintiffs nor this Court can determine whether the
Individual Defendants' discovery requests are reasonable.  Indeed, in every case cited

---

[1] Plaintiffs note that the Individual Defendants' failure to confer with Plaintiffs before filing the July 23
Letter violates Your Honor's Individual Rule 3.A.i., which provides that "[f]or discovery motions . . .
*[s]trict* adherence to Fed. R. Civ. P. 37(a)(1), the 'meet and confer' rule, is required." (emphasis added).
The Individual Defendants' failure to meet-and-confer before seeking judicial intervention "alone is a
sufficient ground for denying the motion."  *Auto. Club of New York, Inc. v. Port Auth. of New York &
New Jersey,* No. 11 CIV. 6746 RKE HBP, 2012 WL 4791804, at *6 (S.D.N.Y. Oct. 9, 2012) (failure
to meet-and-confer was basis for denying motion to compel).

July 22, 2020
Page 2

by the Individual Defendants in the July 23 Letter, the Court was advised of the exact scope of discovery being sought before it made a reasonableness determination.

Here, the Individual Defendants only attach five interrogatories to their July 23 Letter, two of which now purport to instruct Plaintiffs to recreate for the Individual Defendants the client list and prospect list they are accused of misappropriating — *i.e.*, the very confidential information Plaintiffs fear the Individual Defendants have stolen.  We are certainly not going to hand the Individual Defendants those trade secrets now just because they have cleverly crafted an interrogatory asking Plaintiffs to do so.  That is not how discovery in a theft of trade secret case works.  *See, e.g., Power Conversion, Inc. v. Saft Am., Inc.*, No. 83 CIV. 8971-CSH, 1985 WL 1016, at *2 (S.D.N.Y. May 1, 1985) (protecting plaintiff from "disclos[ing] to [the defendant] the technological secrets it claims have been misappropriated" by ordering discovery requests of potential trade secrets reviewed by independent expert).

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:  Wendy R. Stein, Esq. (Via ECF)
      Paul Saso, Esq. (Via ECF)



WENDY R. STEIN
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2043 Fax: (212) 554-9645
wstein@gibbonslaw.com

July 24, 2020

**VIA ECF**

The Honorable Nelson S. Roman, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> Re: ***CrossBorder Solutions Inc. v. Hoy et al.,***
> **Civ. No. 7:20-cv-04877(NSR)**
> **Corrected Reply In Further Support of Individual Defendants' Motion**
> **for Expedited Discovery**

Dear Judge Roman,

We represent Liga Hoy, Jiaxin Song, and Lijun Tian (collectively, the "Individual Defendants") in the above-referenced action. We write in response to Plaintiffs' letter served today opposing Individual Defendants' request for expedited discovery.

Your Honor, this case has turned into a David and Goliath battle wherein Plaintiffs are expending resources which they know Individual Defendants lack. Plaintiffs are using an unenforceable non-compete (which they have admitted is unenforceable in California, when all Individual Defendants work for a California company) to place one defendant in danger of losing her home, and the other in danger of losing her ability to remain in this country. Yet Plaintiffs press on, litigating every issue, not even allowing us to reschedule a deposition scheduled for August 3.

As to their current opposition to allowing Individual Defendants to secure any discovery, while they secured permission to obtain Individual Defendants' documents and depose all of our clients, we state the following. As to Plaintiffs' comment about depositions, we identify our deponents as follows: (1) Adam Sandford, (2) Heather Dunbar, and (3-4) a 30(b)(6) deposition of each Plaintiff. As to Individual Defendants' document requests, Individual Defendants have asked for precisely the same number of document requests that this Court allotted to Plaintiffs.

As to the five Interrogatories served by Individual Defendants, Plaintiffs complain about providing any existing customer or prospect lists to Defendants which <u>they specifically reference in the TRO and PI</u>. They state that they are trade secrets that should not be shared with Defendants, but Plaintiffs fail to inform this Court that Individual Defendants requested of Plaintiffs a Protective Order in this matter and it was Plaintiffs who rejected a request to include an Attorneys Eyes Only designation. They simultaneously object to responding with allegedly trade secret information while outright refusing an Attorneys' Eyes Only designation.

G‌IBBONS P.C.

The Honorable Nelson S. Roman, U.S.D.J.
July 24, 2020
Page 2


Moreover, this Court cannot enter Plaintiffs' requested preliminary injunction without the names on the "customer list" and "prospect list" identified in paragraph (3) of both the TRO and PI. Such an injunction would violate Fed. R. Civ. P. 65(d)(1)(B), stating that: "Every order granting an injunction and every restraining order must… state its terms specifically" and Fed. R. Civ. P. 65(d)(1)(C), stating that "Every order granting an injunction and every restraining order must…describe in reasonable detail—*and not by referring to … other document[s]*—the act or acts restrained or required." (emphasis added) The TRO entered violated both provisions. If the Court is to enter an order prohibiting Individual Defendants from soliciting certain clients or "prospects," both this Court and Defendants are entitled to know the identities of such persons or entities.

Please allow the Individual Defendants to secure the discovery they need to properly defend themselves at the August 7 Hearing, especially given the expansive discovery the Court has already permitted Plaintiffs to serve and secure in advance of the hearing.


Respectfully Submitted,

*Wendy R. Stein*