

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 31, 2020

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: **CrossBorder Solutions, Inc. v. Hoy, Case No.: 7:20-cv-04877-NSR: Request For Leave to File Under Seal Plaintiffs' Request For Leave to File Motion to Compel and Order Prohibiting Designation of Documents as Attorneys' Eyes Only**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file documents under seal. Specifically, Plaintiffs seek to file under seal Plaintiffs' accompanying letter motion (the "Letter"), including Exhibits A and B attached thereto, requesting (1) leave to file a motion to compel the prompt production of all documents evidencing Defendants' prior solicitation of CrossBorder customers and prospects since January 17, 2020, and (2) an order prohibiting Defendants from producing such documents only on an "Attorneys' Eyes Only" basis.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiffs must identify the redactions and explain the reasons for the redactions.

The Letter and Exhibits A and B to the Letter include CrossBorder trade secrets and confidential and proprietary information, namely the identities of CrossBorder current and prospective clients, client contacts and contract expiration dates. Exhibits A and B also purportedly contain Macias, Gini & O'Connell, LLP ("MGO") trade secrets and confidential and proprietary information, namely the identities of MGO current and prospective clients and client contacts. The redactions are limited to that information.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006), "[t]here is a common law presumption in favor of permitting public access to judicial

July 31, 2020
Page 2

documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

Here, the privacy interests of Plaintiffs and Defendant MGO should overcome the presumption of public access. The information sought to be redacted are (1) CrossBorder trade secrets, and confidential and proprietary information, the theft of which by Defendants necessitated commencement of this action in the first instance, and (2) purported MGO trade secrets, and confidential and proprietary information. In contrast, this information is of minimal relevance to the public at large.

Plaintiffs and Defendants are currently negotiating a Stipulated Protective Order, under which the information sought to be redacted herein would surely constitute Confidential Information. Indeed, the documents comprising Exhibit B were produced by Defendants with "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" stamps, which counsel for Defendants Hoy, Song and Tian expressly requested not be shared outside Plaintiffs' counsel's firm.

We are simultaneously requesting Defendants' consent to this motion and will advise the Court if we receive such consent.

Plaintiffs therefore respectfully request that the Court grant their request to file the Letter and Exhibits A and B thereto under seal.

                                            Respectfully submitted,

                                            */s/ Kenneth W. Taber*
                                              Kenneth W. Taber

cc:  Wendy R. Stein, Esq. (Via ECF)
      Paul Saso, Esq. (Via ECF)
      Sharon P. Margello, Esq. (Via ECF)