UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CROSSBORDER SOLUTIONS, INC., and CROSS
BORDER TRANSACTIONS, LLC d/b/a
CROSSBORDER SOLUTIONS,

                      Plaintiffs,

    -against-

LIGA HOY, JIAXIN "CLAIRE" SONG, LIJUN
"MAGGIE" TIAN, and MACIAS, GINI &
O'CONNELL, LLP,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2020

20-CV-4877 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    On June 25, 2020, Plaintiffs Crossborder Solutions, Inc., and Cross Border Transactions, LLC d/b/a Crossborder Solutions (together, "Plaintiffs"), commenced this action against Liga Hoy, Jiaxin "Claire" Song, Lijun "Maggie" Tian, and Macias, Gini & O'Connell, LLP (collectively, "Defendants"). (Complaint, ECF No. 1; Amended Complaint, ECF No. 34.) Presently before the Court is *pro se* Defendant Lijun "Maggie" Tian's ("Tian") request for the appointment of *pro bono* counsel, dated August 2, 2020. (*See* Exhibit 1, attached.)

    Unlike in criminal proceedings, courts do not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Defendant Tian's instant request for *pro bono* counsel—her first request—cannot be granted at such an early stage in the litigation. This case commenced fewer than two months ago on June 25, 2020. (ECF No. 1.) Furthermore, pursuant to the parties' agreement and stipulation, the substantive issues in this case will be resolved via arbitration. (*See* ECF Nos. 54, 56.) Accordingly, the Court cannot conclude at this time that Tian is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the

appointment of *pro bono* counsel *at this time*, Defendant Tian's request is DENIED without prejudice to renew at a later stage in the proceedings.

Dated: August 3, 2020  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

### Re: FW: 7:20-cv-04877-NSR Crossborder Solutions, Inc. et al v. Hoy et al

**Maggie Tian <maggieltian@gmail.com>**
Sun 8/2/2020 11:06 PM

**To:** Gina Sicora <Gina_Sicora@nysd.uscourts.gov>; Roman NYSD Chambers <RomanNYSDChambers@nysd.uscourts.gov>
**Cc:** Wendy Stein <wstein@gibbonslaw.com>; Saso, Paul A. <PSaso@gibbonslaw.com>; kenneth.taber@pillsburylaw.com <kenneth.taber@pillsburylaw.com>; paula.weber@pillsburylaw.com <paula.weber@pillsburylaw.com>

Dear Ms. Sicora and Ms. Djang,

My name is Lijun (Maggie) Tian, a defendant in the CrossBorder Solutions, Inc. et al v. Hoy et al: 7:20-cv-04877-NSR case.

I would like to update you that my employment with MGO has been terminated. Wendy Stein will not represent me any further. I currently do not have any representation and I am in the process of looking for a public attorney. Could you please advise if the court can assign me a public attorney? Many thanks.

Best regards,
Lijun (Maggie) Tian