**MEMORANDUM ENDORSEMENT**

CrossBorder Solutions Inc. et al v. Hoy et al
20-cv-4877 (NSR)

The Court is in receipt of the Plaintiffs' letter motion to compel discovery (ECF No. 59), attached, as well as Defendants Hoy and Song's reply, (ECF No. 62), and Defendant Macias Gini & O'Connell LLP's reply (ECF No. 61).

Plaintiffs' application is denied.  As the Court made clear, Plaintiffs were granted the expedited discovery sought in connection with the August 7th Preliminary Injunction Hearing in this matter. (*See* ECF No. 32.)  That hearing was adjourned upon the stipulation and agreement of all parties, which provided that the terms of the preliminary injunction proposed by Plaintiffs would be extended for the duration of the arbitration.  (ECF No. 56.)  As Plaintiffs have obtained the injunctive relief they requested, the expedited discovery is no longer necessary.  The Court grants Plaintiffs' letter motion (ECF No. 57) to file the unredacted motion (ECF No. 59) under seal.

In addition, as indicated in the correspondence, Gibbons P.C. no longer intends to represent Defendant Tian.  (*See* ECF Nos. 60, 62.)  Ms. Stein and Mr. Saso are therefore directed to submit a proposed order for their withdrawal as Ms. Tian's attorneys of record in accordance with Local Rule 1.4.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 57, 58, and 59.

Dated:  August 7, 2020
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/2020



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 31, 2020

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    **CrossBorder Solutions, Inc. v. Hoy, Case No.: 7:20-cv-04877-NSR:**
       **Request For Leave to File Under Seal Plaintiffs' Request For**
       **Leave to File Motion to Compel and Order Prohibiting**
       **Designation of Documents as Attorneys' Eyes Only**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border
Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or
"CrossBorder") to request leave to file documents under seal. Specifically, Plaintiffs
seek to file under seal Plaintiffs' accompanying letter motion (the "Letter"), including
Exhibits A and B attached thereto, requesting (1) leave to file a motion to compel the
prompt production of all documents evidencing Defendants' prior solicitation of
CrossBorder customers and prospects since January 17, 2020, and (2) an order
prohibiting Defendants from producing such documents only on an "Attorneys' Eyes
Only" basis.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases,
Plaintiffs must identify the redactions and explain the reasons for the redactions.

The Letter and Exhibits A and B to the Letter include CrossBorder trade secrets and
confidential and proprietary information, namely the identities of CrossBorder current
and prospective clients, client contacts and contract expiration dates. Exhibits A and B
also purportedly contain Macias, Gini & O'Connell, LLP ("MGO") trade secrets and
confidential and proprietary information, namely the identities of MGO current and
prospective clients and client contacts. The redactions are limited to that information.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006),
"[t]here is a common law presumption in favor of permitting public access to judicial

July 31, 2020
Page 2

documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

Here, the privacy interests of Plaintiffs and Defendant MGO should overcome the presumption of public access. The information sought to be redacted are (1) CrossBorder trade secrets, and confidential and proprietary information, the theft of which by Defendants necessitated commencement of this action in the first instance, and (2) purported MGO trade secrets, and confidential and proprietary information. In contrast, this information is of minimal relevance to the public at large.

Plaintiffs and Defendants are currently negotiating a Stipulated Protective Order, under which the information sought to be redacted herein would surely constitute Confidential Information. Indeed, the documents comprising Exhibit B were produced by Defendants with "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" stamps, which counsel for Defendants Hoy, Song and Tian expressly requested not be shared outside Plaintiffs' counsel's firm.

We are simultaneously requesting Defendants' consent to this motion and will advise the Court if we receive such consent.

Plaintiffs therefore respectfully request that the Court grant their request to file the Letter and Exhibits A and B thereto under seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc: Wendy R. Stein, Esq. (Via ECF)
    Paul Saso, Esq. (Via ECF)
    Sharon P. Margello, Esq. (Via ECF)



Pillsbury Winthrop Shaw Pittman LLP

31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 31, 2020

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   **CrossBorder Solutions, Inc. v. Hoy, Case No.: 7:20-cv-04877-NSR:
Request For Leave to File Motion to Compel and Order
Prohibiting Designation of Documents as Attorneys' Eyes Only**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border
Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or
"CrossBorder") to request (1) leave to file a motion to compel the prompt production
of all documents evidencing Defendants' prior solicitation of CrossBorder customers
and prospects since January 17, 2020 (as now prohibited by the Preliminary Injunction),
and (2) an order prohibiting Defendants from producing such documents only on an
"Attorneys' Eyes Only" basis, and thereby thwarting our clients' ability to repair the
marketplace reputational damage Defendants have inflicted.

By way of background, earlier this week, Plaintiffs learned by happenstance of
Defendants' willful solicitation of at least two CrossBorder clients (████████████
and ██████████████) and one CrossBorder prospect (████████████) — precisely the
kind of unlawful conduct that prompted CrossBorder to sue them in the first place. We
learned of this unlawful conduct by the sheer happenstance of Defendant Tian
misdirecting, to her former email account at CrossBorder, an email attaching text
messages detailing those activities.

Five of those text messages, attached hereto as Exhibit A (reassembled in chronological
order), now evidence a deliberate campaign by the Individual Defendants to land for
Defendant MGO a series of CrossBorder clients and prospects that the Individual
Defendants were contractually prohibited from pursuing. The texts also show
Defendants using CrossBorder Confidential Information, including client names, client

July 31, 2020
Page 2

contact names, and details of CrossBorder contracts with clients (*e.g.,* duration/expiration), in that campaign.

After seeing these texts, we were especially concerned that these efforts to land business from CrossBorder clients and prospects had continued unabated even after the June 26th entry of the TRO in this case, because many of the text chains included post-June 26th messages. We therefore reached immediately out to counsel for the Individual Defendants, shared the texts, and directly asked whether her clients were honoring the TRO — warning that, if not, we were prepared to move for contempt.

The Individual Defendants responded with the affidavits attached hereto as Exhibit B. Now, by virtue of those sworn admissions, it is indisputable that, post-departure from CrossBorder, all three were engaged in the deliberate solicitation of CrossBorder clients and prospects on behalf of Defendant MGO. They claim that behavior ceased upon entry of the TRO. Either way, Plaintiffs now must repair the marketplace reputational damage caused by Defendants' unlawful solicitation of CrossBorder clients and prospects. Anticipating that likelihood weeks ago, we had already served discrete document discovery on the Individual Defendants, seeking to determine the details of all such misconduct.

Thereafter, while stipulating to entry of the preliminary injunction in this case, we again made it clear to Defendants that we would still need that customer and prospect solicitation discovery on an expedited basis. We explained that, even with the PI going into place, we still needed to learn the scope of, and then undo, all such prior reputational damage.

Specifically, Plaintiffs requested the following document discovery from the Individual Defendants:

> REQUEST FOR PRODUCTION NO. 2: All COMMUNICATIONS between YOU, the other Defendants, or MGO concerning . . . CrossBorder's clients or prospects.

> REQUEST FOR PRODUCTION NO. 7: All COMMUNICATIONS between YOU and any current or former client of CrossBorder since [YOUR last date of employment at CrossBorder].

We thereafter asked Defendant MGO for:

> REQUEST FOR PRODUCTION NO. 2: All COMMUNICATIONS between YOU and any of the INDIVIDUAL DEFENDANTS concerning . . . CrossBorder's clients or CrossBorder's prospects.

July 31, 2020
Page 3

> REQUEST FOR PRODUCTION NO. 7: All COMMUNICATIONS between YOU and any current or former client or current or former prospect of CrossBorder since January 17, 2020.

But Defendants are now refusing to produce any of the requested documents, or even to commit when they will do so, claiming there's no hurry. They claim the PI eliminates the need for any expedited discovery. But not so with respect to the harm *already* caused, and requiring repair.

In entering the PI stipulation, we were, in fact, careful to make this clear. In that stipulation, now "So Ordered" by the Court, we stated that, while "all court deadlines in this action as to the Individual Defendants *as parties*" were "stayed," that did not apply to their status "*as witnesses.*" We did that in order to expressly preserve our continuing right to collect their evidence. Defendant MGO, as a party now, is of course likewise also fully subject to such discovery.

As yet another attempt to block marketplace remediation, the Individual Defendants are also insisting, as a precondition to all document production either here or in the arbitration (where no arbitrator is yet even appointed), that we give them free reign to designate responsive documents "Attorneys Eyes Only." But that would then block our own clients — the ones who most need to know about the marketplace damage Defendants have caused, so we can remedy it — from even learning that highly relevant information.

Plaintiffs therefore now respectfully ask the Court for two things. First, we request that Defendants be ordered to produce the categories of documents recited above, in five days. That timetable is reasonable because our expedited discovery document requests, which originally had a 10-day fuse, were served over two weeks ago on the Individual Defendants and a week ago on Defendant MGO. And, second, when those documents are produced, we respectfully request that they be produced without any AEO designations, so that our clients can see, and promptly address in the marketplace, what they show. Plaintiffs have conferred with counsel for Defendants pursuant to Fed. R. Civ. P. 37(a)(1) and Rule 3.A.i. of Your Honor's Individual Rules of Practice in Civil Cases and they do not consent to the requests herein.

Respectfully submitted,
*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc: Wendy R. Stein, Esq. (Via ECF)
Paul Saso, Esq. (Via ECF)
Sharon P. Margello, Esq. (Via ECF)

**Ogletree
Deakins**

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

Sharon P. Margello
sharon.margello@ogletreedeakins.com
(973) 630-2304

August 5, 2020

**Via ECF**

The Honorable Nelson S. Roman, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

>        Re:     **CrossBorder Solutions Inc. et al. v. Hoy et al.,
>                Civ. No. 7:20-cv-04877(NSR)**

Dear Judge Roman:

        As Your Honor is aware, we represent Macias Gini & O'Connell LLP ("MGO" or "Defendant") in the above referenced matter. We write to request the Court deny Plaintiffs CrossBorder Solutions, Inc.'s and Cross Border Transactions, LLC d/b/a CrossBorder Solutions's ("CrossBorder" or "Plaintiffs") July 31, 2020 letter requesting leave to file a Motion to Compel discovery responses from MGO and the Individual Defendants (D.E. 59).

        This request should be denied for several reasons. The parties have stipulated to, and the Court has entered, the exact injunctive relief requested by Plaintiffs. The very basis for Plaintiffs' expedited discovery request was their then pending injunction request and the Individual Defendants' then refusal to stipulate to injunctive relief pending arbitration. Plaintiffs were clear that the expedited discovery they sought related *solely* to the then pending injunction request. In a letter filed with the Court on July 17, 2020, Plaintiffs stated that "the limited expedited discovery ordered by this Court, which has now been formally served on the Individual Defendants, is both necessary and appropriate—*until and unless* the Individual Defendants agree to extend the TRO until the arbitration is completed." (See D.E. 37, p. 3) (emphasis added). Plaintiffs conceded that expedited discovery was only appropriate *until* the injunction was extended—that has occurred. Plaintiffs conceded that expedited discovery was necessary *unless* the injunction was extended—that has occurred. The extension has been stipulated to by the Individual Defendants and so ordered by the Court. (D.E. 56). The Court should now hold Plaintiffs to the limitations they themselves placed on expedited discovery in multiple representations to this Court.

A South Carolina Professional Corporation ▪ Peter O. Hughes ▪ New Jersey Managing Shareholder

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada)
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Nelson S. Roman, U.S.D.J.
August 5, 2020
Page 2

### Plaintiffs Repeatedly Stated That Expedited Discovery was Tied to the Injunction

Every time Plaintiffs previously sought expedited discovery in this matter, they told the Court that they needed such discovery in aid of injunctive relief. (*See* D.E. 24, Plaintiffs' July 8, 2020 Letter to the Court; D.E.37, Plaintiffs' July 17, 2020 Letter to the Court). For example, Plaintiffs emphasized to the Court that their need for expedited discovery was solely necessary so they could proceed with injunctive proceedings. (*See* D.E. 24, p. 3 (citing cases and explaining to the Court that "[e]xpedited discovery in aid of such injunctive proceedings is, of course, commonplace.")). Plaintiffs were then permitted to seek "very limited expedited discovery from" Defendants "to develop evidence directly bearing on matters that [would] be at issue" at the parties' preliminary injunction hearing. (*See*, D.E. 32 Court's July 14, 2020 Memorandum Endorsement).

Thereafter, on July 30, 2020, the parties stipulated to an order granting Plaintiffs a preliminary injunction through the entirety of the parties' arbitration proceedings. (*See* D.E. 56). By virtue of this stipulation and order, Plaintiffs obtained the injunctive relief they sought and upon which they purportedly based their expedited discovery. They have no right to expedited discovery in this proceeding now that they have obtained injunctive relief, the only courtroom remedy they could pursue against the Individual Defendants under the arbitration agreement. Plaintiffs have repeatedly conceded as much to the Court, stating on July 10, 2020:

> ("[I]f Defendants will stipulate to the preliminary injunction continuing until arbitral process has been completed…[t]hat then would eliminate the need for further proceedings before this Court."

(D.E. 28, p. 3). They said the same thing again on July 17, 2020, stating:

> "[U]ntil and unless the Individual Defendants agree to extend the TRO for the duration of the arbitration, the 8/7 hearing—and the expedited discovery in advance thereof—are both necessary and appropriate.").

(D.E. 37,p. 2).

The preliminary injunction has now been agreed to "for the duration of the arbitration" process and Plaintiffs are estopped from insisting that discovery is still allowed. *See Ranta v. City of New York*, No. 14-cv-3794, 2018 WL 3127154, *3 (E.D.N.Y. June 26, 2018) ("under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position…inconsistent with an earlier assumed position in the same proceeding.") (internal citations omitted).

If Plaintiffs feel that they need additional discovery to prove their claims they must pursue such discovery through the arbitration process and from MGO through normal discovery practices – after a Rule 26(f) conference is completed. CrossBorder inexplicably argues that they still may seek expedited discovery to "determine the details" of Defendants' alleged misconduct and to "learn the scope of" any alleged "reputational damage" caused to CrossBorder. (D.E. 59, p. 2). CrossBorder's request does not even tangentially relate to seeking or obtaining injunctive relief. It is aimed at determining if, and by how much, CrossBorder has allegedly been damaged by Defendants' alleged

The Honorable Nelson S. Roman, U.S.D.J.
August 5, 2020
Page 3

actions. This goes far beyond the reason why the Court granted Plaintiffs' request for expedited discovery.

Additionally, with respect to MGO[1], Plaintiffs seek to have this Court order production of documents by MGO pursuant to an expedited document request directed to MGO that was served without Court approval and *in violation* of this Court's Order limiting the discovery to be served by Plaintiffs. The Court specifically limited Plaintiffs' expedited discovery to document requests served on the Individual Defendants and depositions of the three Individual Defendants and a representative of MGO in accordance with Federal Rule of Civil Procedure 30(b)(6), "limited to the issues relevant to the injunctive relief sought." (See, D.E. 32, page 1) On July 17, 2020, Plaintiffs served a Notice to take the Deposition of MGO on August 4, 2020. The Notice, (attached as Exhibit A), included topics which were not relevant to the injunctive relief sought and were overbroad and sought MGO's confidential, proprietary information unrelated to CrossBorder. Although the Rule 30(b)(6) Notice to MGO violated the Court's Order because it sought testimony beyond the issues relevant to the injunctive relief sought, Plaintiffs did follow the Court's Order with respect to document discovery and did not include a document request in the Notice. However, seven days later, in complete disregard of this Court's Order, Plaintiffs served expedited document requests on MGO seeking several categories of documents that were not relevant to the injunctive relief sought. (Attached as Exhibit B is a copy of the Document Requests served on MGO on July 24, 2020).[2]  MGO has advised Plaintiffs that the parties should meet and confer pursuant to Federal Rule of Civil Procedure 26(b) and (f) and that after that conference, the parties can serve requests for documents and interrogatories. Plaintiffs have not provided any dates for that conference.

Plaintiffs couch Defendants' objections as "yet another attempt to block marketplace remediation." (D.E. 59, p. 3). This is disingenuous at best. Asking the Court to intervene after it issued its injunction is improper and contrary to the numerous representations Plaintiffs made to this Court.

MGO respectfully requests that the Court deny Plaintiffs' July 31, 2020 letter motion. (D.E. 59).

Respectfully submitted,

s/ Sharon P. Margello
Sharon P. Margello

SPM:bde
Enclosures
cc:      Counsel of Record
         Phillip J. Strach, Esq. (*pro hac vice* application to be submitted)

---

[1] MGO was formally served with the Amended Complaint on July 24, 2020 and its responsive pleading is due on August 14, 2020.

[2] To the extent Plaintiffs attempt to argue that they did not violate the Court's Order by serving the requests for documents on MGO because such requests are allowed under Rule 30, such argument fails because the request for documents served on MGO was not part of the Court's Order allowing expedited discovery. The Court's Order with respect to MGO was limited to a Rule 30(b)(6) deposition on topics relevant to the injunctive relief sought. It also bears mention, that the requests were not part of the Rule 30(b)(6) Notice and were served separately one week later, with no mention of the deposition, and therefore cannot be characterized as part of the Rule 30(b)(6) deposition. (*See*, Exhibit B).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. and
CROSS BORDER TRANSACTIONS, LLC
d/b/a CROSSBORDER SOLUTIONS,

       Plaintiffs,

   -against-

LIGA HOY, JIAXIN "CLAIRE" SONG,
LIJUN "MAGGIE" TIAN, and MACIAS,
GINI & O'CONNELL, LLP,

     Defendants.

Case No. 20-cv-4877(NSR)

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a*

CrossBorder Solutions (collectively "CrossBorder") by and through their undersigned counsel,

will take the deposition upon oral examination of Defendant Macias, Gini & O'Connell, LLP

("MGO") The deposition will be taken on August 4, 2020 commencing at 10 a.m. by remote

videoconference means, before a notary public or other person authorized to administer a proper

oath and will be recorded by stenographic and videographic means.

MGO shall designate one or more officers, directors, managing agents, or other persons

most knowledgeable to testify on its behalf concerning the topics identified on the attached

Exhibit A. CrossBorder requests that MGO identify its designee(s) for each topic no later than

five (5) days prior to the commencement of the deposition.  If for any reason the deposition

cannot be commenced or, if commenced, cannot be concluded on that day, the deposition will

continue daily at the same time and place until concluded.

Dated: July 17, 2020

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:   */s/ Kenneth W. Taber*
Kenneth W. Taber
Matthew Stockwell
Brian L. Beckerman
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 858-1000
Fax: (212) 858-1500
kenneth.taber@pillsburylaw.com
matthew.stockwell@pillsburylaw.com
brian.beckerman@pillsburylaw.com

Paula M. Weber (*admitted pro hac vice*)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Tel:  (415) 983-1000
Fax:  (415) 983-1200
paula.weber@pillsburylaw.com

*Attorneys for Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions*

TO:   Kevin O'Connell
Cynthia Pon
MACIAS, GINI & O'CONNELL, LLP
777 Third Avenue, 29th Floor
New York, NY 10017
kjo@mgocpa.com
cpon@mgocpa.com

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 17th day of July, 2020, a true and correct copy of the foregoing was served by regular mail and electronic mail on the following:

> Kevin O'Connell
> Cynthia Pon
> MACIAS, GINI & O'CONNELL, LLP
> 777 Third Avenue, 29th Floor
> New York, NY 10017
> kjo@mgocpa.com
> cpon@mgocpa.com

cc (via *e-mail*):    Natalia M. Greene
> Garrett & Tully
> 4165 E. Thousand Oaks, Blvd., Suite 201
> Westlake Village, CA 91362
> (805) 446-4141
> ngreene@garrett-tully.com

*/s/ Kenneth W. Taber*
KENNETH W. TABER

3

## **EXHIBIT A**

### **SUBJECT MATTERS OF INQUIRY**

1.      Any agreements, written or oral**,** between MGO and Defendants Liga Hoy ("Hoy"), Jiaxin "Claire" Song ("Song") or Lijun "Maggie" Tian ("Tian").

2.      Any communications between MGO and Defendants Hoy, Song or Tian concerning CrossBorder, including but not limited to CrossBorder's clients and prospects or Defendants Hoy, Song and Tian's employment at CrossBorder.

3.      Defendants Hoy, Song and Tian's duties or responsibilities at MGO and the performance thereof.

4.      Defendants Hoy, Song and Tian's clients or prospects at MGO.

5.      Defendants Hoy, Song and Tian's misappropriation of CrossBorder's trade secrets or confidential or proprietary information.

6.      MGO's possession, use or knowledge of CrossBorder's trade secrets or confidential or proprietary information.

7.      Communications between MGO and Defendants Hoy, Song or Tian during the time when Defendants Hoy, Song or Tian were CrossBorder employees.

8.      Communications between MGO and its clients and prospects regarding Defendants Hoy, Song or Tian.

9.      Communications between MGO and current or former clients of CrossBorder since January 1, 2020.

4847-5505-7859

10.     MGO's sales and marketing efforts or techniques for transfer pricing services since Defendant Hoy became employed by MGO.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. and
CROSS BORDER TRANSACTIONS, LLC
d/b/a CROSSBORDER SOLUTIONS,

        Plaintiffs,

    -against-

LIGA HOY, JIAXIN "CLAIRE" SONG,
LIJUN "MAGGIE" TIAN and MACIAS, GINI
& O'CONNELL, LLP,

        Defendants.

Case No. 20-cv-4877(NSR)

**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT MACIAS, GINI & O'CONNELL, LLP**

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT MACIAS, GINI & O'CONNELL, LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (collectively, "CrossBorder") by and through their undersigned counsel, hereby request that Defendant Macias, Gini & O'Connell, LLP, produce the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within ten (10) days of the date of service of this request.

## DEFINITIONS

The words and phrases used in these Requests for Production (the "Requests," and each individually, a "Request") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production.

1.     The word "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     The term "CONFIDENTIAL INFORMATION" refers to knowledge, information and material which is proprietary to CrossBorder (including information conceived, originated, discovered or developed in whole or in part by CrossBorder), including, but not limited to:

- non-public technical knowledge, information and material such as trade secrets, processes, formulas, data, know-how, strategies, analytical models, improvements, inventions, computer programs, drawings, patents, and experimental and development work techniques;

- non-public marketing and other information, such as supplier lists, customer lists, lists of prospective customers and acquisition targets, marketing and business plans, business or technical needs of customers, consultants, licensees or suppliers and their methods of doing business, arrangements with customers, consultants, licensees or suppliers, manuals and personnel records or data; and

- any non-public information described above which CrossBorder obtains from another party and which CrossBorder treats as proprietary or designates as confidential, whether or not owned or developed by CrossBorder.

3.     The words "DOCUMENT" or "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

4.     The word "PERSON" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4811-0710-0356

5. The words "INDIVIDUAL DEFENDANTS" refers to Defendants Liga Hoy, Jiaxin "Claire" Song and Lijun "Maggie" Tian, collectively.

6. The word "MGO" refers to Macias, Gini & O'Connell, LLP and its current or former subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its current or former employees, officers, and directors.

7. The words "YOU" or "YOUR" refer to Defendant MGO.

## **INSTRUCTIONS**

1. All objections to the production of documents requested herein shall be made in writing and served on Plaintiffs' counsel on or before the date set for production.

2. These Requests call for the production of all responsive DOCUMENTS in YOUR possession, custody or control, without regard to the physical location of such DOCUMENTS.

3. All DOCUMENTS are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.  If there are no DOCUMENTS in response to a particular Request, or if YOU withhold any responsive DOCUMENTS or categories of DOCUMENTS based on any objections, YOU shall state so in writing.

4. Electronically stored information (ESI) should be produced with associated metadata in a Concordance load file format (.dat) and an image (.opt) load file with the related TIFF, text, and native files.  The .dat load file shall include the following fields, if available:  (1) BEGDOC (Bates number assigned to each native document and the Bates number assigned to the first page of imaged documents); (2) ENDDOC (Ending Bates number of imaged documents; same as BEGDOC for native documents); (3) BEGATTACH (beginning Bates number of parent document); (4) ENDATTACH (ending Bates number of last attachment); (5) MEDIA_VOLUME;

4811-0710-0356

(6) PAGECOUNT; (7) ATTACHCOUNT (number of attachments); (8) CUSTODIANS (Name of person from whom file was obtained); (9) DUPLICATE CUSTODIANS; (10) FILENAME (Name of the original native file as it existed at the time of collection); (11) FILEEXT (Extension of native document); (12) FOLDER (Location within folder structure, including any container files, for the original native file as it existed at the time of collection); (13) FILESIZE; (14) MD5HASH (Identifying value (MD5 or SHA-1) of an electronic record, used for deduplication and authentication); (15) AUTHOR (name of person creating document); (16) TITLE; (17) LASTMODDATE; (18) LASTMODTIME; (19) CREATEDDATE; (20) CREATEDTIME; (21) TIME_ZONE; (22) EMAIL_FROM; (23) EMAIL_TO; (24) EMAIL_CC; (25) EMAIL_BCC; (26) EMAIL_SUBJECT; (27) EMAIL_DATERCVD; (28) EMAIL_TIMERCVD; (29) EMAIL_DATESENT; (30) EMAIL_TIMESENT; (31) DESIGNATION (i.e. level of confidentiality if any); (32) TEXTLINK; (33) NATIVELINK.  Files and file types which do not render in a usable manner when converted to image with extracted text, such as spreadsheets and multimedia files, should be produced as native files.

5.      If any DOCUMENT is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection please identify each DOCUMENT withheld, and for each such DOCUMENT, provide the information set forth in Fed. R. Civ. P. 26(b)(5), including its date, author, and each addressee or recipient; describe its subject matter; state the privilege claimed; and state whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.  The non-privileged portions of the document must be produced.  For each such document, indicate the portion of the document withheld by stamping the words "Redacted [Basis for Protection]" on the document in an appropriate location that does not obscure the remaining text.

4811-0710-0356

6.      If YOU object to any DOCUMENT Request on any ground other than privilege, YOU must specify:  the part of the Request that is objectionable and respond and produce materials responsive to the remainder of the Request; and whether any responsive materials are being withheld on the basis of an objection.  Whenever a DOCUMENT is not produced in full, state with particularity the reason or reason(s) it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief and with as much particularity as possible, those portions of the DOCUMENT that are not produced.

7.      It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

8.      If, in responding to the Requests, YOU encounter any ambiguities when construing a Request or definition, YOUR response shall set forth the matter deemed ambiguous and the construction used in responding.

9.      The use of present tense includes past tense, and vice versa.  The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

4811-0710-0356

12.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

13.     The Requests are continuing, and YOUR response to these Requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1:   All agreements concerning the INDIVIDUAL DEFENDANTS' employment with MGO.

REQUEST FOR PRODUCTION NO. 2:   All COMMUNICATIONS between YOU and any of the INDIVIDUAL DEFENDANTS concerning CrossBorder, CrossBorder's clients or CrossBorder's prospects.

REQUEST FOR PRODUCTION NO. 3:   All DOCUMENTS concerning the INDIVIDUAL DEFENDANTS' job duties with MGO, the assignments YOU gave to the INDIVIDUAL DEFENDANTS, the proposals you made to others to use the Individual Defendants' services, and MGO's clients to which the INDIVIDUAL DEFENDANTS' services for MGO relate.

REQUEST FOR PRODUCTION NO. 4:   All DOCUMENTS which contain CONFIDENTIAL INFORMATION or concern the use or disclosure of CONFIDENTIAL INFORMATION.

REQUEST FOR PRODUCTION NO. 5:   All COMMUNICATIONS between YOU and any PERSON concerning CONFIDENTIAL INFORMATION.

REQUEST FOR PRODUCTION NO. 6:   All COMMUNICATIONS between YOU and any PERSON concerning the INDIVIDUAL DEFENDANTS.

REQUEST FOR PRODUCTION NO. 7:   All COMMUNICATIONS between YOU and any current or former client or current or former prospect of CrossBorder since January 17, 2020.

- 6 -

REQUEST FOR PRODUCTION NO. 8:   All COMMUNICATIONS concerning the INDIVIDUAL DEFENDANTS' termination of employment at CrossBorder and/or commencement of employment with MGO.

REQUEST FOR PRODUCTION NO. 9:   All COMMUNICATIONS between YOU and the INDIVIDUAL DEFENDANTS concerning CONFIDENTIAL INFORMATION.

REQUEST FOR PRODUCTION NO. 10:   All DOCUMENTS from CrossBorder or downloaded from CrossBorder computer systems, including but not limited to, any thumb drives, flash drives or storage devices taken from CrossBorder or utilized to download material from CrossBorder's computer systems.


Dated: July 24, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   */s/ Kenneth W. Taber*
Kenneth W. Taber
Matthew Stockwell
Brian L. Beckerman
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 858-1000
Fax: (212) 858-1500
kenneth.taber@pillsburylaw.com
matthew.stockwell@pillsburylaw.com
brian.beckerman@pillsburylaw.com

Paula M. Weber (*admitted pro hac vice*)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Tel:  (415) 983-1000
Fax:  (415) 983-1200
paula.weber@pillsburylaw.com

*Attorneys for Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions*

4811-0710-0356

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 24th day of July, 2020, a true and correct copy of

the foregoing was served by e-mail and mail on the following:

Kevin O'Connell
Cynthia Pon
MACIAS, GINI & O'CONNELL, LLP
777 Third Avenue, 29th Floor
New York, NY 10017
kjo@mgocpa.com
cpon@mgocpa.com

-and-

Natalia M. Greene
Garrett & Tully
4165 E. Thousand Oaks, Blvd., Suite 201
Westlake Village, CA 91362
ngreene@garrett-tully.com
*Attorneys for Defendant Macias,*
*Gini & O'Connell, LLP*

        */s/ Kenneth W. Taber*
        KENNETH W. TABER

- 8 -

4811-0710-0356



WENDY R. STEIN
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2043 Fax: (212) 554-9645
wstein@gibbonslaw.com

August 5, 2020

**VIA ECF**

The Honorable Nelson S. Roman, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

           Re:    ***CrossBorder Solutions Inc. v. Hoy et al.,***
                     **Civ. No. 7:20-cv-04877(NSR)**
                     **Opposition to Plaintiffs' Request to File a Motion to Compel**

Dear Judge Roman,

       We represent Liga Hoy and Jiaxin Song, and previously represented Lijun Tian (collectively, the "Individual Defendants") in the above-referenced action. We write in response to Plaintiffs' letter dated July 31, 2020 requesting leave to file a motion to (1) compel expedited discovery from the Individual Defendants and (2) prevent the Individual Defendants from producing information on an Attorneys' Eyes Only ("AEO") basis. [ECF 58.][1] Plaintiffs' proposed motion to compel should be denied for at least three reasons: (1) This Court should not compel expedited discovery after entry of the preliminary injunction; (2) This Court has ordered, and Plaintiffs have stipulated, that "all court deadlines as to Individual Defendants as parties (but not as witnesses) are hereby stayed"; and (3) Plaintiffs admit that their present request for expedited discovery relates to damages (not a preliminary injunction) which is expressly covered by the parties' agreement to arbitrate.

**I.**     **Plaintiffs' Motion to Compel Expedited Discovery After Entry of Injunctive Relief**

      **A.**     **Expedited Discovery Should Not Be Compelled After Entry Of An Injunction**

       "[D]iscovery on the subject matter of a dispute to be arbitrated should be denied in the absence of extraordinary circumstances." *Hughes, Hooker & Co. v. Am. Steamship Owners Mut. Protection & Indemn. Assoc., Inc.*, 04-cv-1859, 2005 WL 1384055, at *7 (S.D.N.Y. June 9, 2005) (internal quotation omitted). In particular, courts should not order expedited discovery after a preliminary injunction has been entered and the parties' claims are subject to arbitration, *Wells Fargo Investments, LLC v. Bengtson*, 0:07-cv-3192, 2007 WL 2007997, at *3 (D. Minn. July 9,

---

[1]     At the outset, we note that Plaintiffs did not properly meet and confer with Defendants prior to filing their July 31 letter. In violation of this Court's Individual Rule 3.a.i, Plaintiffs did not describe the time, place, duration or participants of a meet and confer conference—because none occurred. The Court will remember Plaintiffs' own requests that "'meet and confer' norms [be] restored" and motions are denied for failure to meet and confer. [ECF 52 & 45.] The parties did exchange written correspondence on these topics, but Individual Defendants expressly asked Plaintiffs to provide them with any case law establishing this Court's authority to compel expedited discovery after injunctive relief has been granted. Rather than do so, Plaintiffs filed their letter with the Court just hours later. Notably, Plaintiffs' July 31 letter to the Court does not cite any authority supporting the Court's ability to order expedited discovery in aid of an injunction *after* that injunction has been entered and indeed, Individual Defendants can find none

The Honorable Nelson S. Roman, U.S.D.J.
August 5, 2020
Page 2

2007) (denying request for expedited discovery upon granting a preliminary injunction where "NASD has the power to set a schedule for expedited discovery if it is necessary"), or even where the parties' claims will proceed in litigation. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019). This Court should also prevent Plaintiffs from circumventing their agreement to arbitrate. *Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc.*, 1:08-cv-620, 2008 WL 2923426, at *1 (W.D. Mich. July 24, 2008) ("Where, as here, the substance of the dispute has been submitted to arbitration and discovery will be controlled by the arbitrator, it is particularly important to insure that expedited discovery is not used simply to circumvent the discovery limitations in the arbitration proceeding.")

### B. All Court Deadlines Are Stayed As To Individual Defendants

The Court ordered, based on Plaintiffs' stipulation, that "all court deadlines in this action as to Individual Defendants as parties (but not as witnesses) are hereby stayed, with the exception of any deadlines relating to or arising out of the injunctive relief issued by this Court." [ECF 56 ¶ 1.] Accordingly, all discovery deadlines are stayed as against the Individual Defendants because injunctive relief has been stipulated to and so ordered by this Court. The expedited discovery that was previously granted by this Court was as against them as *parties, not as witnesses*. It was merely intended to ascertain whether an injunction should issue to maintain the *status quo* during the arbitration. Now that the preliminary injunction has been entered, that discovery has been obviated.

As they state in their July 31 letter, Plaintiffs' proposed discovery relates only to their purported "reputational damage" and "harm [allegedly] *already* caused" [ECF 58, emphasis in original], making clear that their proposed discovery relates only to monetary damages and past harm (which is for the arbitrators to decide), not to enjoining any future misconduct.

### C. Plaintiffs Are Seeking Discovery Related To Matters Subject To Arbitration

The Individual Defendants' employment agreements mandate that "any dispute arising out of or related to the employment relationship between [them] and the Company … shall be resolved via binding arbitration." [ECF 1.1-3 § 14.][2] After first refusing to arbitrate, Plaintiffs belatedly filed an arbitration proceeding before JAMS on July 17, 2020.

This Court recently recognized that "pursuant to the parties' agreement and stipulation, the substantive issues in this case will be resolved in arbitration." [ECF 60, citing ECF 54 & 56.] The substantive issue of Plaintiffs' alleged damages must be arbitrated. Plaintiffs are transparently attempting to do an end run around their obligation to arbitrate and artificially drive up the Individual Defendants' costs. The Individual Defendants have explained to Plaintiffs that they are prepared to engage in expedited discovery in the arbitration, enter an appropriate confidentiality agreement in the arbitration, and permit Plaintiffs to use any discovery obtained in the arbitration from the Individual Defendants in this litigation against MGO. Plaintiffs appear intent on doubling discovery costs for the Individual Defendants, rather than streamline them in arbitration.

---

[2] The parties were before this Court with respect to preliminary injunctive relief because the employment agreements also permit CrossBorder to seek preliminary injunctive relief in aid of such arbitration. [ECF 1.1-3 § 10.]

GIBBONS P.C.

The Honorable Nelson S. Roman, U.S.D.J.
August 5, 2020
Page 3

## II. Defendants Should Be Permitted To Produce Information On An AEO Basis

As noted above, the Court should not compel discovery from the Individual Defendants. However, any discovery that is permitted should permit an AEO designation.

An AEO designation is particularly appropriate in cases involving allegations of misappropriation of trade secrets and confidential information. *See ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, 08-cv-5737 RMB RLE, 2009 WL 105503, at *3 (S.D.N.Y. Jan. 14, 2009) (ordering the parties to submit a stipulated protective order limiting access to certain documents "on an 'Attorney's Eyes Only' basis" stating that "[p]rotective orders limiting access to highly confidential information to counsel and experts 'are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information.'") (internal quotation omitted); *Vesta Corset Co. v. Carmen Foundations, Inc.*, 97-cv-5139, 1999 WL 13257, at *3 (S.D.N.Y. Jan. 13, 1999) ("Protective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information.").

Plaintiffs' opposition to an AEO designation is belied by their own concerns about producing information. For example, when the Individual Defendants sought expedited discovery to support their initial opposition to the preliminary injunction, Plaintiffs opposed that request, stating that it would require them to produce "the very confidential information Plaintiffs fear the Individual Defendants have stolen." [ECF 45.] Likewise, in order to implement the preliminary injunction, the parties have agreed (upon Plaintiffs' insistence) that an independent third-party maintain CrossBorder's client and prospective client lists and that Defendants consult with that third-party prior to soliciting or performing transfer pricing work. In other words, in Plaintiffs' view, their client list is so top secret that it warrants protection even greater than an AEO designation—because even defense counsel is denied access to it—but at the same time, demand that Defendant MGO's client list be accessible to all of the Plaintiffs. Plaintiffs' proposal sits at the apex of unfairness.

Finally, Plaintiffs falsely claim that Defendants demand "free reign" to designate documents as AEO. That is incorrect. Defendants proposed to negotiate a protective order that includes such an AEO designation, but it would be limited in scope, provide a party an opportunity to challenge any such designation, and obligate the parties to resolve those differences in good faith. It is Plaintiffs who take the absolutist position that AEO designations are *per se* unacceptable.

Accordingly, Hoy and Song respectfully request that the Court (i) deny Plaintiffs' request for leave to file a motion to compel expedited discovery; (ii) compel Plaintiffs to stop engaging in litigation with the Individual Defendants in the SDNY and force them to arbitrate all claims; and (iii) otherwise permit the parties to negotiate the terms of a protective order (a) in the arbitration, (b) that includes an AEO designation and (c) permits Plaintiffs to use discovery in the arbitration in this litigation.

GIBBONS P.C.

The Honorable Nelson S. Roman, U.S.D.J.
August 5, 2020
Page 4


Respectfully Submitted,

Wendy R. Stein