## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. and CROSS BORDER TRANSACTIONS, LLC d/b/a CROSSBORDER SOLUTIONS,

        Plaintiffs,

-against-

LIGA HOY, JIAXIN "CLAIRE" SONG, LIJUN "MAGGIE" TIAN, and MACIAS, GINI & O'CONNELL, LLP,

        Defendants.

Case No. 20-cv-4877(NSR)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/13/2021

NELSON S. ROMÁN, District Judge:

    WHEREAS, Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions ("Plaintiffs"), and Defendants Macias, Gini & O'Connell, LLP ("MGO"), Liga Hoy and Jiaxin "Claire" Song (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

> (a) trade secrets, as defined under New York law;
>
> (b) confidential and proprietary information, including without limitation client work product, client proposals, current and potential client lists, and detailed information about client current and future needs and internal corporate structures;
>
> (c) previously non-disclosed material relating to ownership or control of any non-public company;
>
> (d) previously non-disclosed business plans, product-development information, or marketing plans;
>
> (e) any information of a personal or intimate nature regarding any individual; or
>
> (f) any other category of information given confidential status by this Court after the date of this Order.

3. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Highly Confidential only the portion of such material that it reasonably and in good faith believes consists of:

> (a) trade secrets, as defined under New York law;
>
> (b) client work product, client proposals, current and potential clients lists and names, and detailed information about client current and future needs; or
>
> (c) any other category of information given Highly Confidential status by this Court after the date of this Order.

With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript has been received, of the specific pages and lines of the transcript that are to be designated "Confidential," or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following receipt of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential as the case may be.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. The production of Discovery Material shall not constitute a waiver of any Party's rights to claim that the Discovery Material is privileged, not relevant or is otherwise non-discoverable, nor shall receipt thereof constitute a waiver of any Party's right to contend that the Discovery Material is not privileged, discoverable or relevant.

8. If a recipient hereunder receives any information, documents, or Discovery Material which the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), such inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production. In the event Privileged Material has been inadvertently disclosed, the following "claw back" procedure shall apply:

> (a) the Party seeking the claw back will send a letter identifying the Privileged Material to be returned and stating the grounds for privilege;
>
> (b) the recipient(s) thereof will either return the Privileged Material, without retaining any copies, or respond in writing within seven days, with an explanation as to why the Privileged Material should not be protected;

(c) if there is a dispute as to the return of the Privileged Material, the Party seeking the claw back and the applicable recipient(s) will meet and confer within seven days of the response required by clause 8(b);

(d) if the issue remains unresolved, the Party seeking the claw back and the applicable recipient(s) will make application to the Court within seven days of the meet and confer required by clause 8(c); and

(e) until such time as the issue has been fully and finally resolved, such Privileged Material shall, for all purposes, be considered Privileged Material.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; and

(g) this Court, including any appellate court, its support personnel, and court reporters.

(h) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

10. Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (d) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; and

    (e) this Court, including any appellate court, its support personnel, and court reporters, provided such information is filed under seal.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(e), or 9(f), or 10(c) or 10(d) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

13. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule 4 of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with Rule 4 of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3.A.i. of the Court's Individual Rules of Practice in Civil Cases

15. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible where permitted by law, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose

7

compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential or Highly Confidential Discovery Material must either return it— including all copies thereof— to the Producing Party, or destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[signature page follows]

SO STIPULATED AND AGREED.


*/s/ Kenneth W. Taber*
Kenneth W. Taber
Brian L. Beckerman
*Counsel for Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions*
Dated: September 23, 2020

*/s/ Wendy R. Stein*
Wendy R. Stein
Paul A. Saso
*Counsel for Defendants Liga Hoy and Jiaxin "Claire" Song*
Dated: September 29, 2020

*/s/ Phillip J. Strach*
Sharon P. Margello
Phillip J. Strach
*Counsel for Defendant Macias, Gini & O'Connell, LLP*
Dated: September 29, 2020


SO ORDERED.


Dated: January 13, 2021
     White Plains, NY

NELSON S. ROMÁN
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. and CROSS BORDER TRANSACTIONS, LLC d/b/a CROSSBORDER SOLUTIONS,

Plaintiffs,

-against-

LIGA HOY, JIAXIN "CLAIRE" SONG, LIJUN "MAGGIE" TIAN, and MACIAS, GINI & O'CONNELL, LLP,

Defendants.

Case No. 20-cv-4877(NSR)

**NON-DISCLOSURE AGREEMENT**

I, _____, hereby acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name:
Date: