

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

September 9, 2022

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal Plaintiffs' Exhibits D and E to Plaintiffs' Motion to Confirm Arbitration Award

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020. *See* Dkt. 81.

In conjunction with Plaintiffs' Motion to Confirm Arbitration Award, filed contemporaneously herewith (the "Motion"), CrossBorder respectfully requests to file the following exhibits to the Motion under seal:

- Exhibit D: A copy of the Final Award issued by Judge Demarest in the JAMS Arbitration, dated June 29, 2021; and

- Exhibit E: A copy of the Corrected Final Award issued by Judge Demarest in the JAMS Arbitration, dated July 30, 2021.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing

September 9, 2022

comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibits D and E contain CrossBorder confidential and proprietary information, specifically information concerning CrossBorder's client base, its client non-renewal rate due to the theft of its trade secret Master List and the approximate cost of such outcomes. CrossBorder's interest in protecting this information overcomes the presumption of access. Indeed, Your Honor has previously granted CrossBorder's request to file under seal certain exhibits containing information regarding CrossBorder's clients. *See* Dkt. 91. Because these Exhibits contain confidential CrossBorder information, which Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to file Exhibits D and E under seal.

Additionally, Exhibits D and E contain the amount of punitive damages awarded against former Defendant Liga Hoy ("Hoy") in the JAMS Arbitration. This information was redacted at the request of former Defendants Hoy and Jiaxin "Claire" Song ("Song").

Defendants Macias, Gini & O'Connell, LLP ("MGO") and Sanjay Agarwal ("Agarwal"), as well as former Defendants Hoy and Song, are not prejudiced by the requested relief because they have full access to the unredacted versions of Exhibits D and E.

CrossBorder therefore respectfully requests that the Court grant its request for filing Exhibits D and E to the Motion under seal.

The undersigned contacted counsel of record for Defendants MGO and Agarwal, as well as counsel of record for former Defendants Hoy and Song. Counsel for Defendants MGO and Agarwal, as well as counsel of record for former Defendant Hoy, consent to this request to seal. Counsel of record for former Defendant Song had no objection to this letter request to seal but also noted that he is not currently in contact with Ms. Song, and, therefore, he was "not in a position to either consent to or oppose" the request to seal.

September 9, 2022

                                            Respectfully submitted,

                                            */s/ Kenneth W. Taber*
                                            Kenneth W. Taber

cc:    All Counsel of Record (Via ECF)