USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2023

**MEMORANDUM ENDORSEMENT**

*CrossBorder Solutions, Inc. v. MGO*,

7:20-cv-04877-NSR-JCM

    The Court is in receipt of the attached letter from Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "CrossBorder"), dated September 30, 2022 but filed on December 26, 2022, which requests leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020 (ECF No. 81.) The items CrossBorder seeks to file under seal are described in their letter (filed as ECF No. 217).

    Accordingly, the Court GRANTS CrossBorder's request to file the documents it indicates under seal. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 217.

Dated: January 13, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

September 30, 2022

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

      Re: *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "CrossBorder") to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81.

In conjunction with Plaintiffs' Motion for Partial Summary Judgment and Rule 56.1 Statement of Undisputed Material Facts ("SMF") filed contemporaneously herewith, CrossBorder respectfully requests to file under seal: (i) portions of the Memorandum of Law and SMF; (ii) portions of the Declaration of Stephanie Israel, dated September 30, 2022 ("Israel Decl.") and Exhibit D thereto; and (iii) the following exhibits to the Declaration of Kenneth W. Taber, dated September 30, 2022 ("Taber Decl."):[1]

| Taber Decl. Exhibit | Description |
|---|---|
| A | Text messages between Liga Hoy ("Hoy") and Jiaxin "Claire" Song ("Song"), dated January 17-June 19, 2020, marked CONFIDENTIAL. |
| B | An email from Hoy to John Gaw ("Gaw"), dated February 11, 2020, marked CONFIDENTIAL. |
| C | An email from Hoy to Gaw, dated February 23, 2020, marked CONFIDENTIAL. |
| D | Text messages between Hoy and Agarwal, dated March 3, 2020 through June 27, 2020, marked HIGHLY CONFIDENTIAL |
| E | An email from Hoy to Gaw, dated March 5, 2020, marked CONFIDENTIAL. |
| F | Hoy's MGO Offer Letter, dated March 6, 2020, marked HIGHLY CONFIDENTIAL. |

---

[1] CrossBorder seeks to file the following documents under seal to be accessed by Your Honor and Defendants Macias, Gini & O'Connell LLP ("MGO") and Sanjay Agarwal ("Agarwal").

4895-4175-5957

| G | Hoy's MGO Confidentiality and No Solicitation Agreement, dated March 24, 2020, marked CONFIDENTIAL. |
|---|---|
| H | Lijun "Maggie" Tian's ("Tian") MGO Offer Letter, dated March 31, 2020, marked CONFIDENTIAL |
| I | Tian's MGO Confidentiality and No Solicitation Agreement, dated April 10, 2020, marked CONFIDENTIAL. |
| J | Thirty (30) representative emails from MGO to CrossBorder clients, dated April 14-June 16, 2020, marked CONFIDENTIAL. |
| K | An email from Tian to Hoy, dated April 17, 2020, with the native attachment, marked CONFIDENTIAL. |
| L | An email from Hoy to Agarwal, dated May 21, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| M | Song's MGO Offer Letter, dated May 22, 2020, marked HIGHLY CONFIDENTIAL. |
| N | An email from Hoy to Juline Cohen ("Cohen"), copying Agarwal, dated June 7, 2020, marked HIGHLY CONFIDENTIAL. |
| O | Song's MGO Confidentiality and No Solicitation Agreement, dated June 7, 2020, marked CONFIDENTIAL. |
| P | An email from Cohen to Hoy and Agarwal, dated June 8, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| Q | An email from Hoy to Cohen, copying Agarwal, dated June 8, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| R | An email from Hoy to Agarwal, dated June 12, 2020, marked HIGHLY CONFIDENTIAL. |
| S | An email from Hoy to Agarwal and Cohen, dated June 12, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| T | An email from Hoy to Agarwal and Cohen, copying Tian, dated June 16, 2020, marked HIGHLY CONFIDENTIAL. |
| U | Pillsbury's cease-and-desist letter to Tian, dated June 19, 2020, marked CONFIDENTIAL. |
| V | Pillsbury's cease-and-desist letter to Hoy, dated June 19, 2020, marked CONFIDENTIAL. |
| W | Pillsbury's cease-and-desist letter to Song, dated June 19, 2020, marked CONFIDENTIAL. |
| X | An email from Hoy to Ben Post of Zayo Group Holdings LLC, copying Tian and Agarwal, dated June 23, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| Y | An email from Hoy to Diane Constantine of Zoll Medical Corp., copying Tian, dated June 23, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| Z | An email from Hoy to Lisa Choi of Viewsonic Corp., copying Song and Tian, dated June 24, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| AA | An email from Hoy to Agarwal, dated June 26, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |
| BB | An email from Cohen to Hoy and Agarwal, dated July 1, 2020, with the native attachment, marked HIGHLY CONFIDENTIAL. |

| CC | An email from Cohen to Hoy, dated July 2, 2020, marked HIGHLY CONFIDENTIAL. |
|---|---|
| DD | An email from Penny Auterson of MGO to Agarwal and other MGO personnel, dated September 21, 2020, marked CONFIDENTIAL. |
| EE | Corrected Final Award in the parallel JAMS Arbitration, dated July 30, 2021, as redacted and filed on the public docket, Dkt. 150. |
| GG | Excerpts of the deposition transcript of Hoy, dated February 19, 2021, marked HIGHLY CONFIDENTIAL. |
| HH | Excerpts of the deposition transcript of Agarwal, dated May 23, 2022, marked HIGHLY CONFIDENTIAL. |

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Israel Decl., Exhibit D thereto, and Taber Decl. Exhibits K, L, P, Q, S, AA, BB, CC contain the entirety, or excerpts, of CrossBorder's trade secret Master List at issue in this case. All other documents listed above either (i) contain confidential information obtained from CrossBorder's Master List, such as client contact information, confidential information about customer preferences, and pricing information, or (ii) were marked Confidential or Highly Confidential pursuant to a request by former Defendants Hoy and Song and/or Defendant MGO.

The parties' interests in protecting this information overcomes the presumption of access. *See, e.g., Capri Sun GmbH v. Am. Beverage Corporation,* No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."). Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information regarding CrossBorder's clients. *See* Dkt. 91. Because these documents contain confidential CrossBorder or MGO information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to file their Memorandum of Law, Israel Decl., Israel Decl. Exhibit D, and Taber Decl. Exhibits A-EE, GG-HH under seal. Counsel for Defendants MGO and Agarwal consent to this request to seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber