

**Memorandum Endorsement**

*CrossBorder Solutions, Inc. v. MGO*

7:20-cv-04877-NSR-JCM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2023

The Court is in receipt of the attached letter motion from Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions (together, "CrossBorder"), dated August 16, 2022, which requests leave to file documents under seal for *in camera* review and to file certain other documents entirely under seal, pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020 (ECF No. 81). The items CrossBorder seeks to file under seal are described in their letter motion (filed as ECF No. 195).

Accordingly, the Court GRANTS CrossBorder's request to file the documents it indicates under seal in the manner described in their attached letter motion (ECF No. 195). The Clerk of the Court is kindly directed to terminate the motion at ECF No. 195.

Dated: January 17, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

August 16, 2022

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: ***CrossBorder Solutions, Inc. v. MGO***, **Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal for *In Camera* Review Plaintiffs' Exhibits D, E, F, G and to File Under Seal Plaintiffs' Opposition to Defendants' Pre-Motion Conference Letter and Exhibits A, B, C, H, J, K Thereto**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file certain documents under seal for *in camera* review, and to file certain other documents entirely under seal, pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order ("PO"), dated September 29, 2020, Dkt. 81. These documents, described immediately below, are all referenced in Plaintiffs' opposition to the request by Defendants Macias, Gini & O'Connell, LLP ("MGO") and Sanjay Agarwal ("Agarwal," together with MGO, "Defendants") for leave to file a motion for summary judgment, Dkt. 193:

- Exhibit A: An October 7, 2020 internal MGO email, bates-stamped MGO000309-MGO000310, which Defendants marked CONFIDENTIAL. This will be filed under seal, to be accessed by all parties;

- Exhibit B: Excerpts of text messages between former Defendant Liga Hoy and Agarwal, bates-stamped XBS016329-XBS016332, XBS016355, which CrossBorder marked HIGHLY CONFIDENTIAL. This will be filed under seal, to be accessed by all parties.

- Exhibit C: An email thread between former Defendant Hoy and her recruiter, dated March 5, 2020, bates-stamped XBS0007041-XBS0007042, which CrossBorder marked as CONFIDENTIAL. This will be filed under seal, to be accessed by all parties;

August 16, 2022

- Exhibit D: An email thread between former Defendant Hoy and Agarwal, dated May 19-21, 2020, attaching excerpts from CrossBorder's trade secret Master List, bates-stamped MGO006570-MGO006577, which MGO marked HIGHLY CONFIDENTIAL. This will be filed under seal for *in camera* review;

- Exhibit E: An email between former defendant Hoy, Juline Cohen and Agarwal, dated June 8, 2020, attaching CrossBorder's entire trade secret Master List, bates-stamped MGO007124-MGO007126, with a native excel attachment, which MGO marked HIGHLY CONFIDENTIAL. This will be filed under seal for *in camera* review;

- Exhibit F: An email between former Defendant Hoy, Juline Cohen and Agarwal, dated June 12, 2020, attaching CrossBorder's entire trade secret Master List, bates-stamped MGO003244-MGO003246, with a native excel attachment, which MGO marked HIGHLY CONFIDENTIAL. This will be filed under seal for *in camera* review;

- Exhibit G: An email between former Defendant Hoy, Juline Cohen and Agarwal, dated June 12, 2020, attaching CrossBorder's entire trade secret Master List, bates-stamped MGO007208-MGO007209, with a native excel attachment, which MGO marked HIGHLY CONFIDENTIAL. This will be filed under seal for *in camera* review;

- Exhibit H: Emails from MGO to CrossBorder clients, dated June 12-15, 2020, bates-stamped XBS009102-XBS009117, which CrossBorder marked HIGHLY CONFIDENTIAL. This will be filed under seal, to be accessed by all parties;

- Exhibit J: Excerpts of former Defendant Hoy's February 19, 2021 deposition, which CrossBorder marked HIGHLY CONFIDENTIAL. This will be filed under seal, to be accessed by all parties; and

- Exhibit K: Excerpts of Agarwal's May 23, 2022 deposition, which CrossBorder marked HIGHLY CONFIDENTIAL. This will be filed under seal, to be accessed by all parties.

In addition, Plaintiffs seek to file under seal Plaintiffs' Opposition to Defendants' Pre-Motion Conference Letter to protect references to confidential material in certain of the above-referenced exhibits contained therein.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard

August 16, 2022

*in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

CrossBorder's interest in protecting confidential and proprietary information, specifically identifying information concerning confidential CrossBorder clients, overcomes the presumption of access. Indeed, Your Honor has previously granted CrossBorder's request to file under seal certain exhibits to protect the names of CrossBorder clients, which were clearly visible, Dkt. No. 91.

Here, Exhibits D, E, F, and G contain the entirety or excerpts of CrossBorder's stolen Master List of approximately 500 clients, complete with each client's CrossBorder contract value, contract term and contract expiration date. Because these Exhibits contain confidential CrossBorder client information, which Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to file Exhibits D, E, F, and G under seal for *in camera* review.

Additionally, CrossBorder seeks to file Exhibits A, B, C, H, J and K entirely under seal in accordance with the parties' PO, as the correspondence was marked Confidential or Highly Confidential.

CrossBorder therefore respectfully requests that the Court grant its request for filing documents under seal as well as certain documents under seal for *in camera* review. This is CrossBorder's second request to file documents under seal for *in camera* review. Defendants MGO and Agarwal consent to this motion.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:   All Counsel of Record (Via ECF)