```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2023
```

**MEMO ENDORSED**

**Memorandum Endorsement**

*CrossBorder Solutions, Inc. v. MGO*
7:20-cv-04877-NSR-JCM

The Court is in receipt of the attached letter motion from Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants"), dated December 26, 2022, which requests leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020 (ECF No. 81). The items Defendants seek to file under seal are described in their attached letter motion (filed as ECF No. 263).

Accordingly, and in light of Plaintiff's consent, the Court GRANTS Defendants' request to file the documents it indicates under seal in the manner described in their attached letter motion (ECF No. 263). The Clerk of the Court is kindly directed to terminate the motion at ECF No. 263.

Dated: January 26, 2023
        White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



| | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| | ATTORNEYS AND COUNSELORS AT LAW |

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

4140 Parklake Ave, Suite 200
Raleigh, NC 27612
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

December 26, 2022

The Honorable Nelson S. Román, U.S.D.J.
The Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re:  *CrossBorder Solutions, Inc., et al., v. Macias, Gini, O'Connell, LLP., et al.,*
          Civ. No. 7:20-cv-04877-NSR-JCM (S.D.N.Y)
          Defendants' Request to File Under Seal

Dear Judge Román:

We write on behalf of Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants") in the above referenced matter to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order [D.E. 81]. In conjunction with Defendants' Reply in Further Support of their Motion for Summary Judgment, filed contemporaneously, Defendants request to file under seal: (1) portions of the memorandum of law in further support of Defendants' Motion for Summary Judgment; (2) any reference to Defendants' exhibits that Defendants have previously sought to file under seal in Defendants' Amended Request to File Under Seal dated November 15, 2022; (3) any reference to Plaintiffs' exhibits that Plaintiffs have sought to be filed under seal; and (4) the following exhibits to the Declaration of Phillip J. Strach dated December 26, 2022, in further support of Defendants' Motion for Summary Judgment contained in the table below:

| Strach Decl. IFSO Def. Mot. for Summary Judgment | Description |
|---|---|
| 1 | Document produced by CrossBorder bates labeled XBS019567-XBS019576 marked **HIGHLY CONFIDENTIAL**. |
| 2 | Excerpts of the Deposition of Sevine Aydemir dated June 15, 2022 marked **HIGHLY CONFIDENTIAL**. |
| 3 | Document produced by CrossBorder bates labeled XBS016752-XBS016916 marked **HIGHLY CONFIDENTIAL**. |

December 26, 2022

Page 2

While Defendants agree that under controlling precedent "a strong presumption of access attaches" to documents filed with a motion for summary judgment under both the common law and the First Amendment, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), that presumption can be overcome by weighing "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Additionally, "preventing competitive harm" is a common type of competing consideration that overcomes the presumption of public access. *Rowe v. Google LLC*, 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y Sept. 26, 2022) (granting request to seal identities of clients and strategic business initiatives to avoid potential competitive harm); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitor seeking an advantage over rivals need not be indulged in the name of monitoring the courts ....").

Here, the information Defendants seek to seal identified above (1) contains confidential business information, such as information regarding the security of CrossBorder's Master List; and/or (2) was marked "Highly Confidential" or "Confidential" by the parties or by former Defendants Hoy and Song. Such information poses competitive harm if published, and thus overcomes the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 9 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting requests for redactions of "specific business information and strategies, which if revealed may provide valuable insights ... that a competitor would seek to exploit") (internal quotation marks omitted); *Capri Sun GmbH v. Am. Beverage Corp.*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

Therefore, Defendants respectfully request Your Honor grant their request to file documents under seal. Counsel for Plaintiffs consent to this request.

Respectfully Submitted,

/s/Phillip J. Strach

CC via ECF:
All counsel of record

4863-8395-9365 v.1