**Memorandum Endorsement**
*Crossborder Solutions Inc., et al v. Hoy et al*
7:20-cv-4877 (NSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2023

**MEMO ENDORSED**

The Court has reviewed the parties' attached requests to file documents under seal (ECF Nos. 222, 246, and 253). The Court notes that a number of the requests ask the Court to file portions of documents, rather than complete documents, under seal, and that all requests fail to identify the ECF Nos. of the documents that the parties have asked the Court to file under seal.

As the Court may only direct that complete documents be filed under seal and requests that the parties identify the ECF Nos. of the documents the parties desire the Court to file under seal, the parties' letter motions to file documents under seal located at ECF Nos. 222, 246, and 253 are denied without prejudice and with leave to renew. The parties are directed to file revised requests that identify the complete documents (rather than portions of documents) the parties desire to be filed under seal and provide their corresponding ECF numbers, so that that the Court may properly consider the parties' requests. The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 222, 246, and 253.

Dated: April 17, 2023
      White Plains, NY

SO ORDERED:

*[signature]*
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

December 5, 2022

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *CrossBorder Solutions, Inc. v. Macias, Gini & O'Connell, LLP*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "CrossBorder"), pursuant to Rule 3.A.ii of Your Honor's Individual Practices in Civil Cases, to request leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81 ("Protective Order").

In conjunction with CrossBorder's Reply Memorandum in Further Support of Their Motion for Partial Summary Judgment ("Reply Brief"), Memorandum in Opposition to Defendants Macias, Gini & O'Connell, LLP's ("MGO") and Sanjay Agarwal's ("Agarwal," together with MGO, "Defendants") Cross-Motion for Summary Judgment ("Opposition Brief"), and Responses to Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Responsive SMF"), CrossBorder respectfully requests to file under seal: (i) portions of the Reply Brief, (ii) portions of the Opposition Brief; (iii) portions of the Responsive SMF; and (iv) the following exhibits to the Declaration of Kenneth W. Taber, dated December 5, 2022, filed contemporaneously therewith:

- Exhibit A: Liga Hoy's handwritten notes, marked as Exhibit 2 in her February 19, 2021 deposition, with the Bates-range XBS019144-XBS019145, submitted in the JAMS Arbitration, marked Highly Confidential under the parties' Protective Order.

- Exhibit B: Excerpts of the Deposition Transcript of Sanjay Agarwal, dated May 23, 2022, marked Highly Confidential under the parties' Protective Order.

- Exhibit C: Excerpts of the Deposition Transcript of Sevine H. Aydemir, dated February 23, 2021, marked Highly Confidential under the parties' Protective Order.

- Exhibit D: Excerpts of the Deposition Transcript of Sevine H. Aydemir, dated June 14, 2022, marked Highly Confidential under the parties' Protective Order.

December 5, 2022

- Exhibit E: Excerpts of the Deposition Transcript of Liga Hoy, dated February 19, 2021, marked Highly Confidential under the parties' Protective Order.

- Exhibit F: Excerpts of the Deposition Transcript of Jiaxin "Claire" Song, dated February 24, 2021, marked Highly Confidential under the parties' Protective Order.

- Exhibit H: A stipulation signed by counsel for CrossBorder and Defendant MGO, respectively, dated May 20, 2021, containing information marked Highly Confidential under the parties' Protective Order.

- Exhibit I: CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, marked Confidential under the parties' Protective Order.

- Exhibit J: Declaration of Stephanie Israel in support of CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, marked Confidential under the parties' Protective Order.

- Exhibit L: An email from Sanjay Agarwal to Liga Hoy, dated May 19, 2020, marked Highly Confidential under the parties' Protective Order.

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibits A and H contain excerpts of CrossBorder's trade secret Master List at issue in this case. Likewise, Exhibits B, C, D, E, F, I, J and L contain confidential and proprietary non-public information, including information about CrossBorder's clients, costs, renewal rates, and information pertaining to the substance and safeguards around CrossBorder's trade secret Master List at issue in this case. Additionally, Plaintiffs' Reply Brief, Opposition Brief, and Responsive SMF contain confidential information obtained from CrossBorder's Master List, such as client contact information, confidential information about customer preferences, and pricing information.

The parties' interests in protecting this information overcomes the presumption of access. *See, e.g., Capri Sun GmbH v. Am. Beverage Corporation,* No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."). Indeed, Your Honor has previously

December 5, 2022

granted CrossBorder's request to file under seal documents containing information regarding CrossBorder clients. *See* Dkt. 91. Because these documents contain confidential CrossBorder information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, Plaintiffs respectfully requests that the Court grant their request for filing documents under seal. Defendants MGO and Agarwal consent to this motion.

          Respectfully submitted,

          */s/ Kenneth W. Taber*
          Kenneth W. Taber

cc:    All Counsel of Record (Via ECF)



NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

4140 Parklake Ave, Suite 200
Raleigh, NC 27612
T: 919.329.3800 F: 919.329.3799
nelsonmullins.com

November 15, 2022

The Honorable Nelson S. Román, U.S.D.J.
The Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    *CrossBorder Solutions, Inc., et al., v. Macias, Gini, O'Connell, LLP, et al.,*
           Civ. No. 7:20-cv-04877-NSR-JCM (S.D.N.Y)
           Defendants' Amended Request to File Under Seal

Dear Judge Román:

We write on behalf of Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants") in the above referenced matter to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective order [D.E. 81]. In conjunction with Defendants' Motion for Summary Judgment, Statement of Undisputed Material Facts ("SMF), and Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment and corresponding Response SMF ("Resp. SMF) filed contemporaneously, Defendants request to file under seal: (1) portions of the memorandum of law and SMF in support of Defendants Motion for Summary Judgment; (2) portions of the memorandum of law and Resp. SMF in opposition to Plaintiffs' Motion for Summary Judgment; (3) any of Plaintiffs' exhibits that Plaintiffs' have sought to be filed under seal; and (4) the following exhibits to the Declarations of Phillip J. Strach dated November 14, 2022 in support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment contained in the tables below:

| Strach Decl ISO Def. Mot. for Summary Judgment | Description |
|---|---|
| 1 | Excerpts and exhibits of the Deposition of Sanjay Agarwal dated May 23, 2022 marked **HIGHLY CONFIDENTIAL** |
| 2 | Excerpts and exhibits of the Deposition of Liga Hoy dated February 19, 2021 marked **HIGHLY CONFIDENTIAL** |
| 3 | Excerpts and exhibits of the Deposition of Jiaxin "Claire" Song dated February 24, 2021 marked **HIGHLY CONFIDENTIAL** |
| 4 | Excerpts of deposition testimony containing client names designated **HIGHLY CONFIDENTIAL** and exhibits to the Deposition of Stephanie Israel in her individual capacity and in |

November 15, 2022

Page 2

|   | |
|---|---|
|   | her capacity as CrossBorder's 30(b)(6) designee dated June 22, 2022 marked **HIGHLY CONFIDENTIAL** |
| 5 | Excerpts of the Deposition of Juline Cohen dated May 26, 2022 marked **HIGHLY CONFIDENTIAL.** |
| 6 | Excerpts of the Deposition of Sevine Aydemir dated June 15, 2022 marked **HIGHLY CONFIDENTIAL**. |
| 7 | Portions of Plaintiffs' Responses to Defendants' Interrogatories containing CrossBorder client names dated September 30, 2020. |

| **Strach Decl in Opp. To Pla. Mot. for Summary Judgment** | **Description** |
|---|---|
| 1 | Excerpts and exhibits of the Deposition of Sanjay Agarwal dated May 23, 2022 marked **HIGHLY CONFIDENTIAL** |
| 2 | Excerpts and exhibits of the Deposition of Liga Hoy dated February 19, 2021 marked **HIGHLY CONFIDENTIAL** |
| 3 | Excerpts and exhibits of the Deposition of Jiaxin "Claire" Song dated February 24, 2021 marked **HIGHLY CONFIDENTIAL** |
| 4 | Excerpts of deposition testimony containing client names designated **HIGHLY CONFIDENTIAL** and exhibits to the Deposition of Stephanie Israel in her individual capacity and in her capacity as CrossBorder's 30(b)(6) designee dated June 22, 2022 marked **HIGHLY CONFIDENTIAL** |
| 5 | Excerpts of the Deposition of Juline Cohen dated May 26, 2022 marked **HIGHLY CONFIDENTIAL.** |
| 6 | Excerpts of the Deposition of Sevine Aydemir dated June 15, 2022 marked **HIGHLY CONFIDENTIAL**. |

While Defendants agree that under controlling precedent "a strong presumption of access attaches" to documents filed with a motion for summary judgment under both the common law and the First Amendment, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), that presumption can be overcome by weighing "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Additionally, "preventing competitive harm" is a common type of competing consideration that overcomes the presumption of public access. *Rowe v. Google LLC*, 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y Sept. 26, 2022) (granting request to seal identities of clients and strategic business initiatives to avoid potential competitive harm); *see also*

November 15, 2022

Page 3

*United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitor seeking an advantage over rivals need not be indulged in the name of monitoring the courts ....").

Here, the information Defendants seek to seal identified above (1) contain trade secrets and other confidential business information, such as excerpts of or information from CrossBorder's Master List and excerpts of or information regarding MGO's clients; and/or (2) were marked "Highly Confidential" by the parties or by former Defendants Hoy and Song. Such information poses competitive harm if published, and thus overcomes the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 9 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting requests for redactions of "specific business information and strategies, which if revealed may provide valuable insights ... that a competitor would seek to exploit") (internal quotation marks omitted*); Capri Sun GmbH v. Am. Beverage Corp.*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

Therefore, Defendants respectfully request Your Honor grant their request to file documents under seal. Counsel for Plaintiffs consent to this request.

                    Respectfully Submitted,

                    /s/Phillip J. Strach

CC via ECF:
All counsel of record

4889-6874-5789 v.2



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

November 17, 2022

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81.

In conjunction with Plaintiffs' response to Defendants Macias, Gini & O'Connell, LLP ("MGO") and Sanjay Agarwal's ("Agarwal," together with MGO, "Defendants") request for a pre-motion conference seeking leave to file a motion to partially preclude Stephanie Israel's declaration submitted in support of CrossBorder's Motion for Partial Summary Judgment ("Israel Declaration"), CrossBorder respectfully requests to file under seal the following exhibits:

- Exhibit B: A March 5, 2021 letter to the Honorable Carolyn E. Demarest (Ret.) in connection with the JAMS Arbitration, bates-stamped XBS016706-XBS016709;

- Exhibit C: CrossBorder's April 12, 2021 Brief on Damages in the JAMS Arbitration, bates-stamped XBS019444-XBS019468; and

- Exhibit D: Declaration of Stephanie Israel in Support of CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, and bates-stamped XBS019311-XBS019316.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr.*

November 17, 2022

*Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibits B, C, and D are confidential JAMS Arbitration materials marked Confidential under the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81. They contain confidential and proprietary non-public information, including information about CrossBorder's clients, costs, renewal rates, and information pertaining to the substance and safeguards around CrossBorder's trade secret Master List at issue in this case. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g., Capri Sun GmbH v. Am. Beverage Corporation,* No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

CrossBorder therefore respectfully requests that the Court grant its request for filing documents under seal. Defendants MGO and Agarwal consent to this motion.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:     All Counsel of Record (Via ECF)