

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

April 18, 2023

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2023
```

*MEMO ENDORSED*

Re: *CrossBorder Solutions, Inc. v. Macias, Gini & O'Connell, LLP*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "CrossBorder"), pursuant to Rule 3.A.ii of Your Honor's Individual Practices in Civil Cases, to request leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81 ("Protective Order").[1]

In conjunction with CrossBorder's Reply Memorandum in Further Support of Their Motion for Partial Summary Judgment ("Reply Brief"), Memorandum in Opposition to Defendants Macias, Gini & O'Connell, LLP's ("MGO") and Sanjay Agarwal's ("Agarwal," together with MGO, "Defendants") Cross-Motion for Summary Judgment ("Opposition Brief"), and Responses to Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Responsive SMF"), CrossBorder respectfully requests to file under seal: (i) the Reply Brief (redacted version filed on the public docket at **Dkt. 254**, and unredacted version filed under seal at **Dkt. 259**) (ii) the Opposition Brief (redacted version filed on the public docket at **Dkt. 257**, and unredacted version filed under seal at **Dkt. 260**); (iii) the Responsive SMF (redacted version filed on the public docket at **Dkt. 258**, and unredacted version filed under seal at **Dkt. 261**).; and (iv) the following exhibits to the Declaration of Kenneth W. Taber, dated December 5, 2022, filed contemporaneously therewith:

- Exhibit A: Liga Hoy's handwritten notes, marked as Exhibit 2 in her February 19, 2021 deposition, with the Bates-range XBS019144-XBS019145, submitted in the JAMS

---

[1] This pre-motion letter was previously dated December 5, 2022, and filed on December 26, 2022 (Dkt. 253) pursuant to Your Honor's Scheduling Order, dated August 16, 2022 (Dkt. 197). Pursuant to Your Honor's April 17, 2023 Order (Dkt. 272), CrossBorder hereby resubmits its letter with docket references for those documents CrossBorder seeks to file under seal.

April 18, 2023

- Arbitration, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-1**, and entire document filed under seal at **Dkt. 262**);

- Exhibit B: Excerpts of the Deposition Transcript of Sanjay Agarwal, dated May 23, 2022, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-2**, and entire document filed under seal at **Dkt. 262-1**);

- Exhibit C: Excerpts of the Deposition Transcript of Sevine H. Aydemir, dated February 23, 2021, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-3**, and entire document filed under seal at **Dkt. 262-2**);

- Exhibit D: Excerpts of the Deposition Transcript of Sevine H. Aydemir, dated June 14, 2022, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-4**, and entire document filed under seal at **Dkt. 262-3**);

- Exhibit E: Excerpts of the Deposition Transcript of Liga Hoy, dated February 19, 2021, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-5**, and entire document filed under seal at **Dkt. 262-4**);

- Exhibit F: Excerpts of the Deposition Transcript of Jiaxin "Claire" Song, dated February 24, 2021, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-6**, and entire document filed under seal at **Dkt. 262-5**);

- Exhibit H: A stipulation signed by counsel for CrossBorder and Defendant MGO, respectively, dated May 20, 2021, containing information marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-8**, and entire document filed under seal at **Dkt. 262-6**);

- Exhibit I: CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, marked Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-9**, and entire document filed under seal at **Dkt. 262-7**);

- Exhibit J: Declaration of Stephanie Israel in support of CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, marked Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-10**, and entire document filed under seal at **Dkt. 262-8**); and

- Exhibit L: An email from Sanjay Agarwal to Liga Hoy, dated May 19, 2020, marked Highly Confidential under the parties' Protective Order (cover sheet filed on the public docket at **Dkt. 256-12**, and entire document filed under seal at **Dkt. 262-9**).

Pursuant to Rule 4.A. of Your Honor's Individual Practices in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr.*

April 18, 2023

*Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibits A and H contain excerpts of CrossBorder's trade secret Master List at issue in this case. Likewise, Exhibits B, C, D, E, F, I, J and L contain confidential and proprietary non-public information, including information about CrossBorder's clients, costs, renewal rates, and information pertaining to the substance and safeguards around CrossBorder's trade secret Master List at issue in this case. Additionally, Plaintiffs' Reply Brief, Opposition Brief, and Responsive SMF contain confidential information obtained from CrossBorder's Master List, such as client contact information, confidential information about customer preferences, and pricing information.

The parties' interests in protecting this information overcomes the presumption of access. *See, e.g., Capri Sun GmbH v. Am. Beverage Corporation,* No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."). Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information regarding CrossBorder clients. *See* Dkt. 91. Because these documents contain confidential CrossBorder information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, Plaintiffs respectfully requests that the Court grant their request for filing documents under seal. Defendants MGO and Agarwal consent to this motion.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:   All Counsel of Record (Via ECF)

The Court GRANTS Plaintiffs' request to file the documents indicated herein under seal.

The Court respectfully directs the Clerk of the Court to place ECF Nos. 259, 260, 261, 262, 262-1, 262-2, 262-3, 262-4, 262-5, 262-6, 262-7, 262-8, and 262-9 under seal, accessible only to the Court and the parties to the case.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 274.

Dated: April 20, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE