

**MEMO ENDORSED**

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

4140 Parklake Ave, Suite 200
Raleigh, NC 27612
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

April 19, 2023

The Honorable Nelson S. Román, U.S.D.J.
The Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2023

Re: *CrossBorder Solutions, Inc., et al., v. Macias, Gini, O'Connell, LLP, et al.,*
Civ. No. 7:20-cv-04877-NSR-JCM (S.D.N.Y)
Defendants' Renewed Request to File Under Seal Pursuant to D.E. 272

Dear Judge Román:

We write on behalf of Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants") in the above referenced matter to renew Defendants' request for leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective order [D.E. 81], and this Court's April 17, 2023 order [D.E. 272]. In conjunction with Defendants' Motion for Summary Judgment, Statement of Undisputed Material Facts ("SMF), and Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment and corresponding Response SMF ("Resp. SMF) filed contemporaneously, Defendants request to file under seal: (1) portions of the memorandum of law and SMF in support of Defendants' Motion for Summary Judgment; (2) portions of the memorandum of law and Resp. SMF in opposition to Plaintiffs' Motion for Summary Judgment; (3) any of Plaintiffs' exhibits that Plaintiffs have sought to be filed under seal; and (4) the following exhibits to the Declarations of Phillip J. Strach dated November 14, 2022, in support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment contained in the tables below:

| Strach Decl. ISO Def. Mot. for Summary Judgment Exhibit No. | Sealed ECF No. | Description |
|---|---|---|
| 1 | 234-1 | Excerpts[1] and exhibits of the Deposition of Sanjay Agarwal dated May 23, 2022, marked **HIGHLY CONFIDENTIAL** |

---

[1] Defendants submitted excerpts of deposition transcripts containing only the relevant information as required by Your Honor's Individual Rules of Practice Rule 3(G)(iv). Defendants seek to file under seal the entirety of these excerpts filed at D.E. 234-1, 234-2, 234-3, 234-4, 234-5, 234-6, 249-1, 249-2, 249-3, 249-4, 249-5, 249-6.

April 19, 2023

Page 2

| | | |
|---|---|---|
| 2 | 234-2 | Excerpts and exhibits of the Deposition of Liga Hoy dated February 19, 2021, marked **HIGHLY CONFIDENTIAL** |
| 3 | 234-3 | Excerpts and exhibits of the Deposition of Jiaxin "Claire" Song dated February 24, 2021, marked **HIGHLY CONFIDENTIAL** |
| 4 | 234-4 | Excerpts of deposition testimony containing client names designated **HIGHLY CONFIDENTIAL** and exhibits to the Deposition of Stephanie Israel in her individual capacity and in her capacity as CrossBorder's 30(b)(6) designee dated June 22, 2022, marked **HIGHLY CONFIDENTIAL** |
| 5 | 234-5 | Excerpts of the Deposition of Juline Cohen dated May 26, 2022, marked **HIGHLY CONFIDENTIAL.** |
| 6 | 234-6 | Excerpts of the Deposition of Sevine Aydemir dated June 15, 2022, marked **HIGHLY CONFIDENTIAL**. |
| 7 | 234-7 | Plaintiffs' Responses to Defendants' Interrogatories. These responses contain CrossBorder client names dated September 30, 2020. |

| **Strach Decl. in Opp. To Pla. Mot. for Summary Judgment Exhibit No.** | **Sealed ECF No.** | **Description** |
|---|---|---|
| 1 | 249-1 | Excerpts and exhibits of the Deposition of Sanjay Agarwal dated May 23, 2022, marked **HIGHLY CONFIDENTIAL** |
| 2 | 249-2 | Excerpts and exhibits of the Deposition of Liga Hoy dated February 19, 2021, marked **HIGHLY CONFIDENTIAL** |
| 3 | 249-3 | Excerpts and exhibits of the Deposition of Jiaxin "Claire" Song dated February 24, 2021, marked **HIGHLY CONFIDENTIAL** |
| 4 | 249-4 | Excerpts of deposition testimony containing client names designated **HIGHLY CONFIDENTIAL** and exhibits to the Deposition of Stephanie Israel in her individual capacity and in her capacity as CrossBorder's 30(b)(6) designee dated June 22, 2022, marked **HIGHLY CONFIDENTIAL** |
| 5 | 249-5 | Excerpts of the Deposition of Juline Cohen dated May 26, 2022, marked **HIGHLY CONFIDENTIAL.** |
| 6 | 249-6 | Excerpts of the Deposition of Sevine Aydemir dated June 15, 2022, marked **HIGHLY CONFIDENTIAL**. |

April 19, 2023
Page 3

While Defendants agree that under controlling precedent "a strong presumption of access attaches" to documents filed with a motion for summary judgment under both the common law and the First Amendment, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), that presumption can be overcome by weighing "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Additionally, "preventing competitive harm" is a common type of competing consideration that overcomes the presumption of public access. *Rowe v. Google LLC*, 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y Sept. 26, 2022) (granting request to seal identities of clients and strategic business initiatives to avoid potential competitive harm); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitor seeking an advantage over rivals need not be indulged in the name of monitoring the courts ....").

Here, the information Defendants seek to seal identified above (1) contains trade secrets and other confidential business information, such as excerpts of or information from CrossBorder's Master List and excerpts of or information regarding MGO's clients; and/or (2) was marked "Highly Confidential" by the parties or by former Defendants Hoy and Song. Such information poses competitive harm if published, and thus overcomes the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 9 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting requests for redactions of "specific business information and strategies, which if revealed may provide valuable insights ... that a competitor would seek to exploit") (internal quotation marks omitted); *Capri Sun GmbH v. Am. Beverage Corp.*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

Therefore, Defendants respectfully request Your Honor grant their renewed request to file documents under seal. Counsel for Plaintiffs consent to this request.

Respectfully Submitted,

/s/Phillip J. Strach

CC via ECF:
All counsel of record

The Court GRANTS Defendants' request to file the documents indicated herein under seal. The Court respectfully directs the Clerk of the Court to place ECF Nos. 234-1, 234-2, 234-3, 234-4, 234-5, 234-6, 234-7, 249-1, 249-2, 249-3, 249-4, 249-5, and 249-6, under seal, accessible only to the Court and the parties to the case. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 276.

Dated: April 20, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE