MEMO ENDORSED

**Memorandum Endorsement**

*Crossborder Solutions, Inc. et al v. Hoy et al*

7:20-cv-4877 (NSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2023

The Court GRANTS Plaintiffs' request to file the documents indicated herein under seal.

The Court respectfully directs the Clerk of the Court to place ECF Nos. 282, 282-1, 282-2, and 282-3 under seal, accessible only to the Court and the parties to the case.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 281.

Dated: April 24, 2023

      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

April 21, 2023

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> **Re:** *CrossBorder Solutions, Inc. v. MGO*, **Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal**

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81.

In conjunction with Defendants Macias, Gini & O'Connell, LLP ("MGO") and Sanjay Agarwal's ("Agarwal," together with MGO, "Defendants") request for a pre-motion conference seeking leave to file a motion to partially preclude Stephanie Israel's declaration submitted in support of CrossBorder's Motion for Partial Summary Judgment (the "Letter"), CrossBorder respectfully requests to file under seal: its response to the Letter (redacted version filed on the public docket at **Dkt. 280**, and unredacted version filed under seal at **Dkt. 282**) and the following exhibits attached thereto:[1]

- Exhibit B: A March 5, 2021 letter to the Honorable Carolyn E. Demarest (Ret.) in connection with the JAMS Arbitration, bates-stamped XBS016706-XBS016709 (cover sheet filed on the public docket at **Dkt. 280-2**, and entire document filed under seal at **Dkt. 282**);

---

[1] The Court previously entered an Order sealing these very exhibits on April 20, 2023. *See* Dkt. 277.

www.pillsburylaw.com

4886-3089-6222

April 21, 2023

- Exhibit C: CrossBorder's April 12, 2021 Brief on Damages in the JAMS Arbitration, bates-stamped XBS019444-XBS019468 (cover sheet filed on the public docket at **Dkt. 280-3,** and entire document filed under seal at **Dkt. 282**); and

- Exhibit D: Declaration of Stephanie Israel in Support of CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, and bates-stamped XBS019311-XBS019316 (cover sheet filed on the public docket at **Dkt. 280-4**, and entire document filed under seal at **Dkt. 282**).

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks omitted)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibits B, C, and D are confidential JAMS Arbitration materials marked Confidential under the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81. They contain confidential and proprietary non-public information, including information about CrossBorder's clients, costs, renewal rates, and information pertaining to the substance and safeguards around CrossBorder's trade secret Master List at issue in this case. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

CrossBorder therefore respectfully requests that the Court grant its request for filing documents under seal. Defendants MGO and Agarwal consent to this motion.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:     All Counsel of Record (Via ECF)