USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2023

MEMO ENDORSED

**Memorandum Endorsement**

*Crossborder Solutions, Inc. et al v. Hoy et al*
7:20-cv-4877 (NSR)

The Court GRANTS Plaintiffs' request to file the documents indicated herein under seal.

The Court respectfully directs the Clerk of the Court to place ECF Nos. 291, 292, 292-1, 292-2, 292-3, 292-4, 292-5, 292-6, 292-7, 292-8, 292-9, and 292-10,  under seal, accessible only to the Court and the parties to the case. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 290.

Dated: August 9, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

June 23, 2023

**VIA ECF**

Hon. Nelson S. Román, United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> **Re:** **CrossBorder Solutions, Inc. v. MGO,** Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions (together, "Plaintiffs" or "CrossBorder") to request leave to file certain documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81.

In conjunction with Plaintiffs' Memorandum in Opposition to Defendants Macias, Gini & O'Connell, LLP ("MGO") and Sanjay Agarwal's ("Agarwal," together with MGO, "Defendants") Motion to Partially Preclude the Declaration of Stephanie Israel ("Opposition Brief") (Dkts. 288 (public), 291 (sealed)) and the Declaration of Kenneth W. Taber, dated June 23, 2023 ("Taber Decl.") (Dkt. 289), Plaintiffs respectfully request to file under seal: (i) portions of the Opposition Brief; and (ii) the following exhibits to the Taber Decl.:

- Exhibit A (Dkt. 292): Thirty (30) representative emails from MGO to CrossBorder clients, dated April 14-June 16, 2020, marked Confidential under the parties' Protective Order, previously filed under seal in connection with CrossBorder's Motion for Partial Summary Judgment ("Partial SJ Motion"), Dkt. 242-9;

- Exhibit B (Dkt. 292-1): A March 5, 2021 letter to the Honorable Carolyn E. Demarest in connection with the JAMS Arbitration, bates-stamped XBS016706-16709 and marked Confidential under the parties' Protective Order, previously filed under seal in connection

4882-5881-9177

June 23, 2023

with Plaintiffs' letter responding to Defendants' request for a pre-motion conference ("Letter Response"), Dkt. 282-1;[1]

- Exhibit C (Dkt. 292-2): CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, bates-stamped XBS019444-19468 and marked Confidential under the parties' Protective Order, previously filed under seal in connection with the Letter Response, Dkt. 282-2;

- Exhibit D (Dkt. 292-3): Declaration of Stephanie Israel in Support of CrossBorder's Brief on Damages, dated April 12, 2021, submitted in the JAMS Arbitration, and bates-stamped XBS019311-XBS019316 and marked Confidential under the parties' Protective Order, previously filed under seal in connection with the Letter Response, Dkt. 282-3;

- Exhibit E (Dkt. 292-4): CrossBorder's Second Set of Interrogatories to MGO, dated February 23, 2021 and containing an appendix bates-stamped XBS016434-16443 and marked Highly Confidential under the parties' Protective Order;

- Exhibit F (Dkt. 292-5): MGO's Responses to Plaintiffs' Second Set of Interrogatories, dated March 25, 2021 and marked Highly Confidential – Attorneys Eyes Only under the parties' Protective Order;

- Exhibit G (Dkt. 292-6): An email from a CrossBorder client to Liga Hoy ("Hoy"), copying Lijun "Maggie" Tian ("Tian") and Agarwal, dated June 29, 2020, bates-stamped MGO003622-3632 and marked Highly Confidential under the parties' Protective Order;

- Exhibit H (Dkt. 292-7): An email from Tian to Hoy, dated April 14, 2020, bates-stamped XBS001912-1913 and marked Highly Confidential under the parties' Protective Order;

- Exhibit I (Dkt. 292-8): An email from Hoy to Agarwal about a CrossBorder client, dated June 12, 2020, bates-stamped MGO003261-3266 and marked Highly Confidential under the parties' Protective Order;

- Exhibit J (Dkt. 292-9): An email from Hoy to a CrossBorder client, copying Tian and Agarwal, dated June 23, 2020, bates-stamped MGO000623-637 and marked Highly Confidential under the parties' Protective Order, previously filed under seal in connection with the Partial SJ Motion, Dkt. 242-23; and

- Exhibit K (Dkt. 292-10): CrossBorder's master client list ("Master List"), marked Highly Confidential under the parties' Protective Order, previously filed under seal in connection with the Partial SJ Motion, Dkt. 226-4.

---

[1] Capitalized terms not defined herein have their meaning set forth in the Opposition.

June 23, 2023

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks omitted)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

Here, each of the above exhibits are marked Confidential or Highly Confidential under the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, Dkt. 81. They contain confidential and proprietary non-public information, including information about CrossBorder's clients, costs, and renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its Master List. Portions of the Opposition Brief contain similar confidential and proprietary non-public information.

The parties' interests in protecting this information overcome the presumption of access. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."). Indeed, Your Honor has previously granted CrossBorder's request to file under seal certain exhibits containing information regarding CrossBorder's clients and damages. *See* Dkts. 91, 268, 283.

CrossBorder therefore respectfully requests that the Court grant its request to (i) redact portions of the Opposition Brief and (ii) file Exhibits A through K under seal. Defendants MGO and Agarwal consent to this motion.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:     All Counsel of Record (Via ECF)

www.pillsburylaw.com

4882-5881-9177