USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. and CROSS BORDER TRANSACTIONS, LLC *d/b/a Crossborder Solutions*,

                      Plaintiffs,

-against-

MACIAS, GINI, & O'CONNELL, LLP and SANJAY AGARWAL,

                      Defendants.

No. 20 Civ. 4877 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    This case involves the alleged theft of trade secrets and confidential and proprietary information, including a highly confidential customer list and related information, from Plaintiffs CrossBorder Solutions, Inc. and CrossBorder Transactions, LLC. *d/b/a/* CrossBorder Solutions (collectively "CrossBorder" or "Plaintiffs") by its direct competitor Defendant Macias, Gini, & O'Connell, LLP ("MGO") and Sanjay Agarwal ("Agarwal") (collectively, "Defendants").

    Presently before the Court is Defendants' motion to preclude paragraph 22 of the Declaration of Stephanie Israel (the "Israel Declaration") (ECF No. 243), which Plaintiffs filed in support of their motion for partial summary judgment (ECF No. 218). In paragraph 22 of the Israel Declaration, Ms. Israel, who is Plaintiffs' Chief Growth Officer, provides testimony regarding damages (specifically, lost profits) that Plaintiffs allegedly suffered due to Defendants' purportedly wrongful actions. (*See* ECF No. 243 ¶ 22.) Should the Court decline to grant Defendants' motion to preclude, Defendants request that the Court order Plaintiffs to supplement their responses to Defendants' Interrogatories and Requests for Production, allow them a reasonable opportunity to conduct discovery into the theory of damages described by Ms. Israel in

her declaration, and grant them the opportunity to retain an expert witness to evaluate and refute Ms. Israel's testimony. (ECF No. 287, at 1.)

Defendants having shown good cause for reopening discovery into Plaintiffs' theory of lost profits, the Court hereby orders that discovery is reopened for the limited purpose of conducting discovery concerning the theory of lost profits described in the Israel Declaration.[1] (*See* ECF No. 243 ¶ 22.) The Court will refer this case for discovery purposes to U.S. Magistrate Judge Judith C. McCarthy and thereby DIRECTS the parties to contact Judge McCarthy to begin discovery for this limited purpose by no later than August 17, 2023.

In light of the reopening of discovery, Defendants' motion for summary judgment (ECF No. 223) and Plaintiffs' motion for partial summary judgment (ECF No. 218) are both dismissed without prejudice and with leave to renew following the completion of discovery. The parties are directed to notify the Court once discovery is complete whether they intend to renew their respective motions.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 218, 223, and 285.

Dated: August 10, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiffs argue that the Court does not need to reopen discovery on the issue of damages prior to deciding the parties' respective motions for summary judgment, Defendants correctly note that damages are an element of Plaintiffs' claims for tortious interference with contract and tortious interference with business relationships. (ECF No. 293); *see Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401–02 (2d Cir.2006) ("Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom."); *see also Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir.2008) (In order to state a claim for tortious interference with business relationships a plaintiff was allege that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.").