USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 11/06/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CROSSBORDER SOLUTIONS, INC. n/k/a EXACTERA INC. and CROSS BORDER TRANSACTIONS, LCC d/b/a CROSSBORDER SOLUTIONS n/k/a EXACTERA LLC

Plaintiffs,

-against-

MACIAS, GINI & OCONNELL LLP ET AL.,

Defendants.

No. 20 Civ. 4877-NSR-JCM

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiffs CrossBorder Solutions, Inc. n/k/a Exactera Inc. and Cross Border Transactions, LLC d/b/a CrossBorder Solutions n/k/a Exactera LLC (together, "Plaintiffs") seek an order from the Court confirming the final arbitration award against former Defendants Liga Hoy and Jiaxin "Claire" Song. (ECF No. 204.) For the reasons that follow, Plaintiffs' motion to confirm the arbitration award is DENIED.

## BACKGROUND

Plaintiffs commenced this action on or about June 25, 2020 by filing their Complaint and an Order to Show Cause with Emergency Relief against Ms. Hoy, Ms. Song, and Lijun "Maggie" Tian (together, the "former Defendants"), alleging, *inter alia*, misappropriation of trade secrets and breaching their contractual obligations of confidentiality, non-solicitation, and non-competition contained in their employment agreements.

### I. Injunctive Relief

On June 26, 2020, the Court entered a Temporary Restraining Order ("TRO") enjoining the former Defendants from, *inter alia*, disclosing or using Plaintiffs' confidential information or breaching the obligations contained in their employment contracts. (ECF No. 16.) On July 7,

2020, the Court issued a Stipulation and Order adjourning the hearing on Plaintiffs' preliminary injunction motion for thirty days until August 7, 2020, and extending the TRO until the Court ruled on the preliminary injunction. (ECF No. 23.) On July 30, 2020, the Court entered an Order granting the parties' Stipulated Preliminary Injunction, which converted the TRO to a preliminary injunction for the duration of the arbitration. (ECF No. 56.) On March 15, 2021, the Court converted the preliminary injunction into a permanent injunction. (ECF No. 140.)

## II. JAMS Arbitration

On July 9, 2020, the former Defendants filed a pre-motion letter seeking leave to file a motion to compel arbitration pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). (ECF No. 27.) They asserted "[a]ll claims asserted in this action are subject to binding agreements to arbitrate included within the Former Employees' employment contracts," and included the following language from the agreements:

> 14. Binding Arbitration
>
> You agree that any dispute arising out of or related to the employment relationship between me and the Company, including the breach of this Agreement or the termination of the employment relationship, and any allegations of unfair or discriminatory treatment arising under state or federal law or otherwise, shall be resolved via binding arbitration.
>
> (*Id.*)

In their response letter dated July 10, 2020, Plaintiffs did not object to arbitrating claims unrelated to injunctive relief, but maintained any claims relating to injunctive relief should remain before the Court. (ECF No. 28.) On July 14, 2020, the Court issued an Order denying the former Defendants' pre-motion letter as premature, noting that Plaintiffs' claims related to

injunctive relief were properly before the Court and arbitration was appropriate for any claims not concerning injunctive relief. (ECF No. 32.) The former Defendants filed a letter motion seeking reconsideration of the Court's Order, which the Court denied upon consideration of the parties' moving papers. (ECF Nos. 33, 37, 39, 42.)

On July 16, 2020, Plaintiffs filed an Amended Complaint, adding Macias, Gini & O'Connell, LLP ("MGO") as a Defendant. (ECF No. 34.) On July 17, 2020, Plaintiffs commenced arbitration against the former Defendants before JAMS for[1]: (1) breach of contract; (2) tortious interference with contract; (3) misappropriation of trade secrets and confidential and proprietary information; (4) violation of the Defend Trade Secrets Act, 18 U.S.C. 1836; (5) breach of common law duty of loyalty; and (6) conversion. (ECF No. 206-1); *CrossBorder Solutions, Inc., et al. vs. Hoy, Liga, et al.*, JAMS Reference No. 1425032780.

On August 26, 2020, Plaintiffs voluntarily dismissed Ms. Tian from this action. (ECF No. 69.) On September 10, 2020, Plaintiffs filed an Amended Demand for Arbitration, formally removing Ms. Tian as a respondent and adding factual allegations. (ECF No. 206-3.) On June 29, 2021, Hon. Carolyn E. Demarest (Ret.), the appointed arbitrator, issued a Final Award in favor of Plaintiffs. (ECF Nos. 206-2, 206-4.) On July 30, 2021, upon Ms. Hoy and Ms. Song's application to correct the Award, Arbitrator Demarest issued the Corrected Final Award (the "Award") in favor of Plaintiffs, awarding Plaintiffs: (i) compensatory damages, jointly and severally, against Ms. Hoy and Ms. Song in the amount of $981,635.40; (ii) compensatory damages against only Ms. Hoy in the amount of $35,250; and (iii) punitive damages against only Ms. Hoy. (ECF No. 206-5.) On October 7, 2021, Ms. Hoy and Ms. Song satisfied the Award in full by payment to Plaintiffs. (ECF No. 206 ¶ 8.) On February 23, 2022, pursuant to the parties'

[1] Plaintiffs asserted their cause of action for tortious interference with contract only against Ms. Hoy. All other causes of action were asserted against Ms. Hoy, Ms. Song, and Ms. Tian.

stipulation of voluntary dismissal dated November 10, 2021, the Court issued an Order dismissing Ms. Hoy and Ms. Song from the action with prejudice. (ECF No. 153.) The Court's Order further stated that "notwithstanding their dismissal from this action, [Ms. Hoy and Ms. Song] continue to be bound by the permanent injunction entered against them [], and remain subject to the jurisdiction of this Court for the enforcement of that permanent injunction." (*Id.*)

On March 7, 2022, Plaintiffs filed a Second Amended Complaint against Defendant MGO and newly added Defendant Sangay Agarwal (together, the "current Defendants"), noting that Ms. Hoy and Ms. Song were voluntarily dismissed from the action. (ECF No. 158 ¶ 1 n.2.) On July 30, 2022, Plaintiffs moved to confirm the Award against Ms. Hoy and Ms. Song. (ECF No. 177.) On August 1, 2022, the Court denied the motion without prejudice for failure to adhere to the Court's individual rules by first filing a letter requesting a pre-motion conference. (ECF No. 180.) That same day, Plaintiffs filed a pre-motion letter (ECF No. 181); the next day the Court directed Ms. Hoy and Ms. Song to file a response. (ECF No. 183.) On August 8, 2022, Ms. Hoy filed a letter motion in response opposing confirmation of the award.[2] (ECF No. 188.) On August 10, 2022, the Court issued an Order (1) waiving the pre-motion conference requirement, (2) setting a briefing schedule for the motion; and (3) ordering Plaintiffs to effect service on Ms. Song and file a proof of service on the docket. (ECF No. 191.) On August 10, 2022, Plaintiffs' counsel filed a Declaration of Service stating that Plaintiffs served on Ms. Song's former attorney the Court's August 10 Order and "all attachments thereto," which included (i) Plaintiffs'

---

[2] As noted in the Court's Order dated October 10, 2022, the Court also received a letter from current Defendants Sanjay Agarwal and MGO, dated August 4, 2022, opposing Plaintiffs' motion. (*See* ECF No. 185.) However, because Plaintiffs' anticipated motion does not concern the current defendants, and the current Defendants fail to provide any basis for which the anticipated motion concerns them, the Court does not consider it. Besides, even if it were to consider the current Defendants' letter, the Court notes that the arguments therein are substantially the same as those former Defendant Hoy provides in her own letter.

August 1 pre-motion letter and (ii) Ms. Hoy's response, via regular and certified mail. (ECF No. 192.)

On October 25, 2022, Plaintiffs filed their briefings on the instant motion: notice of motion (ECF No. 204); memorandum in support ("Motion," ECF No. 205); declaration of Kenneth W. Taber in Support ("Taber Decl.," ECF No. 206); and reply ("Reply," ECF No. 208.) On October 28, 2023, Ms. Hoy filed her respective briefings on the instant motion: response in opposition ("Hoy Response in Opposition," ECF No. 209); declaration of Lisa Hoy in support of opposition ("Hoy Decl.," ECF No. 211); declaration of Wendy R. Stein in support of opposition ("Stein Decl.," ECF No. 212); and sur-reply ("Sur-reply," ECF No. 215.) On October 28, 2022, Gibbons P.C. filed an opposition ("Gibbons Response in Opposition," ECF No. 210) along with the declaration of Paul A. Saso in support ("Saso Declaration," ECF No. 214), maintaining it no longer represented Ms. Song and was no longer in contact with her.

## LEGAL STANDARDS

Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)). A party seeking to confirm an arbitrator's award must move within one year of the decision, and the order confirming the award must be granted unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (2012). An arbitration award should be confirmed upon a showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir.2005) (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir.2003)). A district court may vacate an arbitrator's award upon a showing that: (1) the award was procured by corruption, fraud, or

undue means; (2) there was evident partiality or corruption in the arbitrator(s); (3) the arbitrator(s) was guilty of misconduct in refusing to postpone the hearing, refused to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of a party has been prejudiced; or (4) the arbitrator(s) exceeded his scope of authority. 9 U.S.C. § 10(a). A party seeking to avoid summary confirmation of an arbitration award bears a high burden. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (citation omitted). However, "[a]n [arbitration] award need not actually be confirmed by a court to be valid." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). "A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award." *Id.*

**DISCUSSION**

As discussed below, the Court denies Plaintiffs' motion to confirm arbitration on the grounds that Plaintiffs lack standing. Because the Court denies the motion to confirm arbitration as moot, it does not reach any other grounds for granting or denying the motion.

Article III of the Constitution limits the Court's judicial powers to resolving cases and controversies. U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, —— U.S. ——, 141 S. Ct. 2190, 2203, 210 L.Ed.2d 568 (2021).

Mootness is "standing set in a time frame." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). "The doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings." *Uzuegbunam v. Preczewski*, —— U.S. ——, 141 S. Ct. 792, 796, 209 L.Ed.2d 94 (2021). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC*, 568 U.S. at 91, 133 S.Ct. 721 (quoting *Alvarez*, 558 U.S. at 93, 130 S.Ct. 576). Accordingly, "no live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation." *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022) (internal quotation marks omitted).

Following the Second Circuit's recent decision in *Stafford v. International Business Machines Corporation*, the Court denies Plaintiffs' motion to confirm arbitration award as moot. *Stafford*, 78 F.4th 62 (2d Cir. 2023). The facts in *Stafford* parallel the facts of this action: petitioner filed a petition under the FAA to confirm an arbitration award from her former employer, which the respondent-employer paid shortly thereafter. *Id.* at 65. The Second Circuit determined the petition to confirm the arbitration award was moot because the petitioner did not have "any concrete interest" in the confirmation of her award because the respondent paid in full. *Id.* at 69. Accordingly, the Second Circuit dismissed the petitioner's claim for lack of standing as she "fail[ed] to show that holding an unconfirmed arbitration award is itself a concrete injury" under Article III. *Id.* at 69.

Here, the Court reaches the same conclusion. It is undisputed that former Defendants Hoy and Song have satisfied the arbitration award in full. (ECF No. 206 ¶ 8; ECF No. 209 at 4.)

Plaintiffs therefore "no longer ha[ve] any concrete interest in enforcement of [their] award," and lack Article III standing. *Stafford*, 78 F.4th at 69. Moreover, Plaintiffs' statutory right to seek confirmation of their award under the FAA is also insufficient to create a "live controversy." The Supreme Court has held "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Thus, "[t]he FAA's process for confirming an arbitration award still requires Article III injury, and § 9 of the FAA does not itself confer standing." *Stafford*, 78 F.4th at 69. Because Plaintiffs lack standing under Article III and the FAA, the Court must deny Plaintiffs' motion to confirm arbitration award as moot.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to confirm the arbitration award is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 204.

Dated: November 6, 2023
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge