MEMORANDUM ENDORSEMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/26/2024

<u>CrossBorder Solutions Inc. et al v. Hoy et al</u>

20-cv-4877 (NSR)

The Court has reviewed Plaintiffs' request to file documents under seal (ECF Nos. 316, 340, and 345). The Court notes that a number of the requests ask the Court to file portions of documents, rather than complete documents, under seal.

As the Court may only direct that complete documents be filed under seal, the Plaintiffs' letter motions to file documents under seal located at ECF Nos. 316, 340, and 345 are denied without prejudice and with leave to renew. Plaintiffs are directed to file revised requests that identify the complete documents (rather than portions of documents) the parties desire to be filed under seal and provide their corresponding ECF numbers, so that that the Court may properly consider the parties' requests.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 316, 340, and 345.

Dated: February 26, 2024
      White Plains, NY

SO ORDERED.

_____

Nelson S. Román, U.S.D.J.



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

February 12, 2024

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

      Re:   *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

      We write on behalf of Plaintiffs CrossBorder Solutions, Inc. *n/k/a* Exactera Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions *n/k/a* Exactera LLC (together, "Plaintiffs" or "CrossBorder"), to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, ECF No. 81 ("Protective Order").

      In conjunction with CrossBorder's recent amendments to its Reply Memorandum in Further Support of its Motion for Summary Judgment filed contemporaneously herewith ("Reply Amendments"), CrossBorder respectfully requests to file under seal: (i) portions of the Reply Amendments (ECF No. 343); and (ii) portions of the Declaration of Brian L. Beckerman in support of the Reply Amendments, dated February 12, 2024 ("Beckerman Declaration") (ECF No. 344).

      Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

      Here, the portions of the Reply Amendments and the Beckerman Declaration that CrossBorder seeks to redact and file under seal contain confidential and proprietary non-public information, including information about CrossBorder's profits, costs, clients, client renewal rates, and customer health notes, CrossBorder's trade secret Master List at issue in this case, and the

amount of damages it sustained in connection with the theft of its trade secret Master List. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18- CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted).

      Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information about CrossBorder's clients and client contracts, client renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its trade secret Master List. *See*, e.g., ECF Nos. 91, 268, 283, 295. Because these documents contain confidential CrossBorder information or information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to redact portions of the Reply Amendments and the Beckerman Declaration.

      Counsel for Defendants Macias, Gini & O'Connell, LLP and Sanjay Agarwal consent to this request to seal.

      Respectfully submitted,

      */s/ Kenneth W. Taber*
      Kenneth W. Taber

cc:    All Counsel of Record (via ECF)



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

February 2, 2024

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

      Re:    *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

    We write on behalf of Plaintiffs CrossBorder Solutions, Inc. *n/k/a* Exactera Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions *n/k/a* Exactera LLC (together, "Plaintiffs" or "CrossBorder"), to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, ECF No. 81 ("Protective Order").

    In conjunction with CrossBorder's recent amendments to its Opposition to Defendants Macias, Gini & O'Connell, LLP and Sanjay Agarwal's (collectively, "Defendants") Motion for Summary Judgment filed contemporaneously herewith (the "Opposition Amendments"), CrossBorder respectfully requests to file under seal: (i) portions of the Opposition Amendments (ECF No. 338); (ii) portions of the Declaration of Stephanie Israel, dated February 2, 2024 ("2/2/24 Israel Declaration") (ECF No. 339); and (iii) the following exhibits to the 2/2/24 Israel Declaration:

- **Exhibit 1 (ECF No. 339-1)**: A copy of CrossBorder's Transfer Pricing Order Form signed by a CrossBorder client, dated May 30, 2023, bates-stamped XBS021948 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 2 (ECF No. 339-2)**: A copy of an excel spreadsheet setting forth CrossBorder's client renewals and customer health notes relating thereto for approximately 30 clients, bates-stamped XBS026686 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 3 (ECF No. 339-3)**: A copy of an excel spreadsheet setting forth CrossBorder's client renewals and customer health notes relating thereto for approximately 50 clients, bates-stamped XBS026689 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 4 (ECF No. 339-4)**: A copy of an excel spreadsheet setting forth CrossBorder's client renewals and customer health notes relating thereto for approximately 70 clients, bates-stamped XBS026655 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 5 (ECF No. 339-5)**: A copy of an excel spreadsheet setting forth CrossBorder's client renewals and customer health notes relating thereto for approximately 50 clients, bates-stamped XBS026657 and marked Highly Confidential under the parties' Protective Order.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the portions of the Opposition Amendments, portions of the 2/2/24 Israel Declaration, and Exhibits 1-5 to the 2/2/24 Israel Declaration that CrossBorder seeks to redact and file under seal contain confidential and proprietary non-public information, including information about CrossBorder's profits, costs, clients, client renewal rates, and customer health notes, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its trade secret Master List. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18- CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted).

Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information about CrossBorder's clients and client contracts, client renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its trade secret Master List. *See*, e.g., ECF Nos. 91, 268, 283, 295. Because these documents contain confidential CrossBorder information or information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to redact and file portions of the Opposition Amendments and portions of the 2/2/24 Israel Declaration under seal, and to file the entirety of Exhibits 1-5 to the 2/2/24 Israel Declaration under seal.

Counsel for Defendants consent to this request to seal.

                                            Respectfully submitted,

                                            */s/ Kenneth W. Taber*
                                            Kenneth W. Taber

cc:     All Counsel of Record (via ECF)



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

January 19, 2024

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

> Re: *CrossBorder Solutions, Inc. v. MGO*, Case No.: 7:20-cv-04877-NSR-JCM: Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. *n/k/a* Exactera Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions *n/k/a* Exactera LLC (together, "Plaintiffs" or "CrossBorder"), to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, ECF No. 81 ("Protective Order").

In conjunction with CrossBorder's recent amendments to its Motion for Partial Summary Judgment filed contemporaneously herewith (the "Amendments"), CrossBorder respectfully requests to file under seal: (i) portions of the Amendments (ECF No. 314); (ii) portions of the Declaration of Stephanie Israel, dated January 19, 2024 ("1/19/24 Israel Declaration") (ECF No. 315); and (iii) the following exhibits to the 1/19/24 Israel Declaration:

- **Exhibit 1 (ECF No. 315-1)**: An internal CrossBorder excel spreadsheet, dated in or around November 2020, containing information about CrossBorder's client base from 2017 – October 2020, contract pricing and client renewals, bates-stamped XBS021167 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 2 (ECF No. 315-2)**: An internal CrossBorder email, dated September 15, 2020, containing information about CrossBorder's client base from 2017 – October 2020, contract pricing and client renewals, bates-stamped XBS027706-07 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 3 (ECF No. 315-3)**: An internal CrossBorder email thread, dated November 7, 2020, containing information about CrossBorder's client base from 2017 – October 2020, contract pricing and client renewals, bates-stamped XBS027708-10 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 4 (ECF No. 315-4)**: An internal CrossBorder email thread, dated November 9-24, 2020, containing information about CrossBorder's client base from 2017 – October 2020, contract pricing and client renewals, bates-stamped XBS027711-45 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 5 (ECF No. 315-5)**: An internal CrossBorder email thread, dated November 24, 2020, containing information about CrossBorder's client base from 2017 – October 2020, contract pricing and client renewals, bates-stamped XBS027746-77 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 6 (ECF No. 315-6)**: An internal CrossBorder excel spreadsheet, created in connection with his litigation, containing information about over 200 CrossBorder clients, contract pricing and client renewals, bates-stamped XBS021166 and marked Highly Confidential under the parties' Protective Order.

- **Exhibit 7 (ECF No. 315-7)**: An internal CrossBorder excel spreadsheet, created in connection with this litigation, containing information about the non-renewing clients for which CrossBorder seeks lost profits damages, along with their annual contract values, and CrossBorder's financial analysis about its total lost profits, bates-stamped XBS027506 and marked Highly Confidential under the parties' Protective Order.

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the portions of the Amendments, portions of the 1/19/24 Israel Declaration, and Exhibits 1-7 to the 1/19/24 Israel Declaration that CrossBorder seeks to redact and file under seal contain confidential and proprietary non-public information, including information about CrossBorder's profits, costs, clients, client renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its trade secret Master List. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18- CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted).

Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information about CrossBorder's clients and client contracts, client renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it

sustained in connection with the theft of its trade secret Master List. *See*, e.g., ECF Nos. 91, 268, 283, 295. Because these documents contain confidential CrossBorder information or information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to redact and file portions of the Amendments and portions of the 1/19/24 Israel Declaration under seal, and to file the entirety of Exhibits 1-7 to the 1/19/24 Israel Declaration under seal.

Counsel for Defendants Macias, Gini & O'Connell, LLP and Sanjay Agarwal consent to this request to seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:   All Counsel of Record (via ECF)