

MEMO ENDORSED

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/26/2024
```

February 12, 2024

The Honorable Nelson S. Román, U.S.D.J.
The Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

   Re: *CrossBorder Solutions, Inc., N/K/A Exactera Inc et al., v. Macias, Gini, O'Connell, LLP, et al.,*
     Civ. No. 7:20-cv-04877-NSR-JCM (S.D.N.Y)
     Defendants' Request to File Under Seal

Dear Judge Román:

We write on behalf of Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants") in the above referenced matter to request for leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective order [D.E. 81]. Specifically, Defendants request to file under seal Defendants' Amended Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment [ECF No 335].

While Defendants agree that under controlling precedent "a strong presumption of access attaches" to documents filed with a motion for summary judgment under both the common law and the First Amendment, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), that presumption can be overcome by weighing "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Additionally, "preventing competitive harm" is a common type of competing consideration that overcomes the presumption of public access. *Rowe v. Google LLC*, 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y Sept. 26, 2022) (granting request to seal identities of clients and strategic business initiatives to avoid potential competitive harm); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitor seeking an advantage over rivals need not be indulged in the name of monitoring the courts ....").

Here, the information Defendants seek to seal identified above (1) contains alleged trade secrets and other confidential business information, such as excerpts of or information from CrossBorder's Master List, CrossBorder's internal notes, tracking information, renewal dates and history, and internal deadlines and goals for CrossBorder's clients and former clients, and other information regarding CrossBorder's former clients; and (2) was marked "Highly Confidential" by the parties. Such information poses competitive harm if published, and thus overcomes the presumption of

February 12, 2024

Page 2

public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 9 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting requests for redactions of "specific business information and strategies, which if revealed may provide valuable insights ... that a competitor would seek to exploit") (internal quotation marks omitted*); Capri Sun GmbH v. Am. Beverage Corp.*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

Defendants also seek to seal information that the parties have previously requested to file under seal.

Therefore, Defendants respectfully request Your Honor grant their request to file documents under seal. Counsel for Plaintiffs consent to this request.

Respectfully Submitted,

/s/Phillip J. Strach

CC via ECF:
All counsel of record

**The Court GRANTS Defendants' request to file the documents indicated herein under seal. The Court respectfully directs the Clerk of the Court to place ECF No. 235 under seal, accessible only to the Court and the parties to the case. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 334.**

**Dated: February 26, 2024**
**White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE