

**MEMO ENDORSED**

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
T: 919.329.3800   F: 919.329.3799
nelsonmullins.com

January 19, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/26/2024

The Honorable Nelson S. Román, U.S.D.J.
The Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:  *CrossBorder Solutions, Inc., N/K/A Exactera Inc et al., v. Macias, Gini, O'Connell, LLP, et al.,*
Civ. No. 7:20-cv-04877-NSR-JCM (S.D.N.Y)
Defendants' Request to File Under Seal

Dear Judge Román:

We write on behalf of Defendants Macias, Gini, O'Connell, LLP ("MGO") and Mr. Sanjay Agarwal (collectively "Defendants") in the above referenced matter to request for leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective order [D.E. 81]. In conjunction with Defendants' Amended Motion for Summary Judgment and Statement of Amended Undisputed Material Facts ("SMF") filed contemporaneously, Defendants request to file under seal the following exhibits to the Declaration of Phillip J. Strach dated January 19, 2024, in support of Defendants' Amended Motion for Summary Judgment and contained in the table below and any references in the filings thereto:

| Strach Decl. ISO Def. Amended Mot. for Summary Judgment Exhibit No. | Sealed ECF No. | Description |
|---|---|---|
| 1 | ECF No. 322-1 | Excerpts[1] and exhibits of the Second Deposition of Stephanie Israel dated November 14, 2023, marked **HIGHLY CONFIDENTIAL** |
| 2 | ECF No. 322-2 | Expert Report of Paul White dated December 22, 2023, marked **HIGHLY CONFIDENTIAL**. |

---

[1] Defendants submitted excerpts of deposition transcripts containing only the relevant information as required by Your Honor's Individual Rules of Practice Rule 3(G)(iv). Defendants seek to file under seal the entirety of these excerpts.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

January 19, 2024

Page 2

| 3 | ECF No. 322-3 | Documents produced by Numerix in Response to October 13, 2023 Subpoena (MGO_LP_0000361), marked **HIGHLY CONFIDENTIAL**. |
|---|---|---|
| 4 | ECF No. 322-4 | Documents produced by ComScore, Inc. in Response to October 13, 2023 Subpoena (MGO_LP_0000022-23; MGO_LP_0000338-340; MGO_LP_0000466-468), marked **HIGHLY CONFIDENTIAL**. |
| 5 | ECF No. 322-5 | Documents produced by Brookfield Energy Group in Response to October 13, 2023 Subpoena (MGO_LP_0000001), marked **HIGHLY CONFIDENTIAL**. |
| 6 | ECF No. 322-6 | Excerpts and exhibits of the Deposition of Lauren Foley dated November 14, 2023, marked **HIGHLY CONFIDENTIAL**. |

While Defendants agree that under controlling precedent "a strong presumption of access attaches" to documents filed with a motion for summary judgment under both the common law and the First Amendment, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), that presumption can be overcome by weighing "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Additionally, "preventing competitive harm" is a common type of competing consideration that overcomes the presumption of public access. *Rowe v. Google LLC*, 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y Sept. 26, 2022) (granting request to seal identities of clients and strategic business initiatives to avoid potential competitive harm); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitor seeking an advantage over rivals need not be indulged in the name of monitoring the courts ....").

Here, the information Defendants seek to seal identified above (1) contains alleged trade secrets and other confidential business information, such as excerpts of or information from CrossBorder's Master List, CrossBorder's internal notes, tracking information, renewal dates and history, and internal deadlines and goals for CrossBorder's clients and former clients, and other information regarding CrossBorder's former clients; and (2) was marked "Highly Confidential" by the parties. Such information poses competitive harm if published, and thus overcomes the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 9 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting requests for redactions of "specific business information and strategies, which if revealed may provide valuable insights ... that a competitor would seek to exploit") (internal quotation marks omitted*); Capri Sun GmbH v. Am. Beverage Corp.*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

January 19, 2024
Page 3

Therefore, Defendants respectfully request Your Honor grant their request to file documents under seal. Counsel for Plaintiffs consent to this request.

                                      Respectfully Submitted,

                                      /s/Phillip J. Strach

CC via ECF:
All counsel of record

**The Court GRANTS Defendants' request to file the documents indicated herein under seal. The Court respectfully directs the Clerk of the Court to place ECF Nos. 322-1, 322-2, 322-3, 322-4, 322-5, and 322-6 under seal, accessible only to the Court and the parties to the case. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 319.**

**Dated: February 26, 2024**
       **White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE