MEMO ENDORSED



Pillsbury Winthrop Shaw Pittman LLP

31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _02/28/2024_

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

February 26, 2024

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

Re:     ***CrossBorder Solutions, Inc. v. MGO***, Case No.: 7:20-cv-04877-NSR-JCM:
        Plaintiffs' Request for Leave to File Under Seal

Dear Judge Román:

We write on behalf of Plaintiffs CrossBorder Solutions, Inc. *n/k/a* Exactera Inc. and Cross Border Transactions, LLC *d/b/a* CrossBorder Solutions *n/k/a* Exactera LLC (together, "Plaintiffs" or "CrossBorder"), to request leave to file documents under seal pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order, dated September 29, 2020, ECF No. 81 ("Protective Order").

In conjunction with CrossBorder's recent amendments to its Reply Memorandum in Further Support of its Motion for Summary Judgment filed contemporaneously herewith ("Reply Amendments"), CrossBorder respectfully requests to file under seal: (i) the Reply Amendments (ECF No. 346); and (ii) the Declaration of Brian L. Beckerman in support of the Reply Amendments, dated February 12, 2024 ("Beckerman Declaration") (ECF No. 347).

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Reply Amendments and the Beckerman Declaration that CrossBorder seeks to redact and file under seal contain confidential and proprietary non-public information, including information about CrossBorder's profits, costs, clients, client renewal rates, and customer health notes, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it

sustained in connection with the theft of its trade secret Master List. The parties' interests in protecting this information overcomes the presumption of access. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18- CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted).

Indeed, Your Honor has previously granted CrossBorder's request to file under seal documents containing information about CrossBorder's clients and client contracts, client renewal rates, CrossBorder's trade secret Master List at issue in this case, and the amount of damages it sustained in connection with the theft of its trade secret Master List. *See, e.g.*, ECF Nos. 91, 268, 283, 295. Because these documents contain confidential CrossBorder information or information of the kind that Your Honor has previously ruled is deserving of protecting and restricting public access, CrossBorder respectfully requests that the Court grant its request to redact the Reply Amendments and the Beckerman Declaration.

Counsel for Defendants Macias, Gini & O'Connell, LLP and Sanjay Agarwal consent to this request to seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:     All Counsel of Record (via ECF)

**The Court GRANTS Plaintiffs' request to file the documents indicated herein under seal. The Court respectfully directs the Clerk of the Court to place ECF Nos. 346 and 347 under seal, accessible only to the Court and the parties to the case. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 354.**

**Dated: February 28, 2024**
     **White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

2

4891-6390-4932